## NUTT *v.* STURGIS.

4-9022                                                226 S. W. 2d 976

Opinion delivered February 20, 1950.

J. C. *Cole*, for appellant.

*McMillan & McMillan* and *W. H. Glover*, for appellee.

DUNAWAY, J. Appellants brought this action as the heirs at law of Josiah and Mary Nutt, alleging that a warranty deed executed on March 17, 1924, by Josiah Nutt and Mary Nutt, his wife, conveying 105 acres of land in Hot Spring County to one S. B. Horne, was in reality an equitable mortgage. They alleged fraud in the procurement of said deed, and prayed that the original deed, together with the deeds of subsequent transferees, be cancelled as clouds on appellants' title. They further alleged that since 1927, appellee, C. F. Sturgis had at various times caused the removal from said land of several thousand dollars worth of timber, and prayed an accounting for the timber alleged to have been wrongfully taken.

Appellees denied that the warranty deed was in fact an equitable mortgage and further pleaded laches and payment of taxes on wild and unimproved lands under color of title for more than seven years in bar of the action.

The facts may be briefly stated: During a period of several years prior to March 17, 1924, Josiah and Mary Nutt had become indebted to one G. A. Chamberlain in the sum of $1,571.36, which indebtedness was secured by a mortgage on the lands here in question and certain chattels. On March 17, 1924, S. B. Horne paid this indebtedness in full and was given a warranty deed to the property. On the same date, Josiah and Mary Nutt executed another instrument, reciting payment of the mortgage indebtedness by Horne; and containing the further recitals that Horne was to cut from said lands timber of the value of $1,000; and that if the Nutts paid the sum of $571.36, in five installments as set out in the instrument, Horne was to reconvey these lands to them. This language was contained in said instrument: ". . . in the event one payment is due and unpaid, then this option to purchase is void."

At the time of execution of the deed, Josiah and Mary Nutt lived on this land, but moved away "awhile" afterward and made no further payments of taxes. Josiah Nutt died December 16, 1927, and his wife on

January 25, 1928. The lands are wild, unenclosed timber lands.

Horne conveyed the property by warranty deed on April 19, 1924, to Robey and Sturgis Brothers, and assigned to them the above-described "note". Both instruments were filed for record in Hot Spring County January 6, 1925. Through various conveyances between the other appellees, record title has been in C. F. Sturgis since July 6, 1927. The record reflects that since 1924 all taxes have been paid each year by Horne or the Sturgises.

The complaint in this cause was filed July 13, 1948. Appellants attempt to explain their long delay in asserting their claim by saying that it was not until January, 1947, that they discovered in an old trunk the document upon which they rely to prove that the warranty deed to Horne was in effect only a mortgage.

The Chancellor dismissed the complaint for want of equity, finding that there was no fraud in the execution of the deed; that Josiah and Mary Nutt had only an option to repurchase and were not equitable mortgagors, and sustaining the plea of laches.

We agree that there was no evidence of fraud in connection with the execution of the warranty deed to Horne. It is unnecessary to discuss the question of equitable mortgage in view of our conclusion on the question of limitations.

Even conceding that the deed was given only as security for the payment of a debt, appellants' cause of action is barred by limitations. The applicable rule was discussed in the recent case of *Buckner* v. *Sewell, ante,* p. 221, 225 S. W. 2d 525, where we said: "The opinion in *McFarland* v. *Miller,* 211 Ark. 962, 203 S. W. 2d 404, discusses the general rule that the purchaser at a *void* foreclosure sale is presumed to hold as mortgagee in possession; but it is also said that this principle does not apply where the purchaser takes possession as owner, and where the facts are such that the mortgagor, or owner of the equity of redemption, must have known

that the purchaser was holding adversely. The opinion quotes from *Norris* v. *Scroggins,* 175 Ark. 50, 297 S. W. 1022. Mr. Justice Wood, speaking for the Court, cited with approval an excerpt from Jones on Mortgages, 2nd Ed., and stressed the statement that the statute of limitation does not begin to run against the right of redemption 'until actual notice is given such owner by the party in possession . . . that he claims to hold in some other right than that of mortgagee or assignee of the mortgage, or he clearly makes it known by his acts that he holds adverse to the mortgage' ". We there sustained a plea of limitations by the grantee of a mortgagee in possession who had paid taxes on wild, unimproved land under color of title for more than seven years, where the mortgagor had actual notice of the adverse claim of ownership for more than seven years.

In the instant case, it was appellants' contention that their father thought he was executing a timber deed. The testimony was that all of the appellants knew of its execution at the time. Appellants knew that their parents moved away from the land, and that thereafter appellees paid the taxes for over twenty years, and from time to time cut and sold timber therefrom. The testimony of appellant, Alex Nutt, shows conclusively that they had actual notice of appellees' claim of ownership. This witness, who was present when the deed was executed, testified that he tried to keep his father from signing, but that Horne insisted it was only a timber deed. After testifying as to this, appellant said: ". . . and then they went to claiming they had a warranty deed when he died. Q. When was that? A. I don't know how long. Q. About twenty years ago? A. Yes, been a good while."

This case comes squarely within the rule in the *Buckner* case. The Chancellor was correct in dismissing the complaint.

Affirmed.