RAMEY & MATHIS, INCORPORATED, V. E. L. PITTS,
CHIEF JUSTICE ET AL.

No. A-2598. Decided May 31, 1950.
(230 S. W., 2d Series, 211.)

*Underwood, Wilson, Sutton, Heare & Boyce* and *H. B. Berry,*
all of Amarillo, for realtor.

*R. C. Marshall,* of Borger, for D. W. Page, *Carrington,
Gowan, Johnson & Walker,* of Dallas, for Eagle Indemnity Company, Respondents.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

By an original petition for mandamus Ramey & Mathis, Inc.,
seeks to compel the Court of Civil Appeals at Amarillo to certify
certain questions of venue in a case decided by that court where-

in Ramey & Mathis is appellant and D. W. Page and Eagle Indemnity Co. are appellees. See 226 S. W. 2d, 976.

Appellant maintains its principal office in Potter County, Texas. Page resides in Hutchinson County. Eagle Indemnity Co. is incorporated under the laws of New York, where its principal office is, but it has a permit to do business in Texas and maintains an agency in Potter County.

March 22, 1946, appellant contracted to construct a rural electric distribution system in Kansas. On June 28, 1947, in writing, it subcontracted the work to Page, agreeing to pay him $275 per mile. Page agreed to execute a bond for faithful performance and to indemnify appellant against costs, damages and other losses. On July 3, 1947, this bond in the appeal sum of $41,250 was executed with Page as principal and Eagle Indemnity Co. as surety, binding the principal and surety "jointly and severally." It recited Page's contract with appellant to furnish labor and equipment to complete the construction of 150 miles of REA lines in Kansas, and then stated: "The condition of this obligation is such that if the Principal shall faithfully perform the contract on their part, and satisfy all claims, demands, incurred for the same, and shall fully indemnify and save harmless the Obligee from all cost and damage which they may suffer by reason of failure so to do, and shall fully reimburse and repay the Obligee all outlay and expense which the Obligee may incur in making good any such default, and shall promptly make payment to all persons supplying labor or material for use in the prosecution of the work provided for in such contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect." On July 19, 1947, appellant and Page made an additional contract for Page to complete similar work undertaken by others for appellant in Kansas; but this contract differed from the first in that the work was to be done on a unit bid basis rather than by the mile.

On May 16, 1949, appellant sued Page and Eagle Indemnity Co. in the District Court of Potter County alleging that it had suffered damage in the sum of $18,220.74 because of the failure of Page to carry out the agreement between it and Page "for the construction of the electrical distribution system and the clean-up work, which became and was made a part of the original contract and agreement between the Plaintiff and the Defendant, and that under the terms and provisions of the beforementioned bond, the Defendant D. W. Page as principal, and Eagle Indemnity Company as surety became bound and obgi-

gated to repay all such costs and damage to plaintiff." It prayed for a joint and several judgment.

Page filed a plea of privilege to be sued in Hutchinson County; Eagle Indemnity Company answered to the merits. Appellant controverted Page's plea of privilege and urged as grounds (among others) for maintaining its suit in Potter County: that Eagle Indemnity Co. is a foreign corporation with an agency in Potter County, which gives that county jurisdiction under subsections 23 & 27, Art. 1995, R. S. 1925; that since suit is maintainable against Eagle Indemnity Co. in Potter County and since Page, as principal, is a necessary party to the suit, venue is maintainable there under Subdivision 29a, Vern. Anno. Civ. Stat.

The plea of privilege was sustained and the suit ordered transferred to Hutchinson County, Eagle Indemnity Co. making no objection to the order. That judgment was affirmed by the Court of Civil Appeals, which, after a motion for rehearing had been overruled, denied appellant's motion to certify to this Court.

In its petition appellant seeks to require seven questions certified, but the whole controversy can be settled by answering the fifth, which is:

"Is the principal on a construction performance bond executed by the contractor, as principal, and a corporation surety company, as surety, in which the principal and surety undertake a joint and several obligation, a necessary party, as contemplated by Subdivision 29a, Article 1995, R. C. S., to a suit for recovery on such bond, so that venue may be maintained against the principal in the county in which venue is maintainable against the corporation surety under Subdivision 23 and 27, Article 1995, R. C. S.?"

The answer is "yes". Subdivision 29a, Art. 1995, supra, is ancillary to the other exceptions named in that article. That is, if under Subdiv. 27 Eagle Indemnity Co. can properly be sued in Potter County, Page can be sued there provided he is a necessary party to the suit. Union Bus Lines v. Byrd, 142 Texas, 257, 177 S. W. 2d, 774, and authorities there cited. Page is a necessary party under Subdiv. 29a if his joinder is necessary for appellant to secure full relief in the cause of action alleged in the suit. Pioneer Bldg. & Loan Ass'n v. Gray, 132 Texas, 509, 125 S. W. 2d, 284.

By the performance bond both Page and Eagle Indemnity Co. jointly and severally agreed to "save harmless" the appellant from Page's failure to satisfy all claims and demands arising out of the construction contract. Appellant alleged that Page had failed to satisfy such claims and demands in the amount of $18,220.74 and asked a joint and several judgment against both defendants for that sum. Unquestionably it is entitled to maintain the suit against Eagle Indemnity Co. in Potter County under Subdiv. 27, Art. 1995, supra, because the latter is a foreign corporation with an agency in that county. Empire Gas & Fuel Co. v. State, 121 Texas, 138, 47 S. W. 2d 265. But it cannot get there the full relief to which it has a contractual right, that is, a joint as well as a several judgment against both Page and Eagle Indemnity Co., unless both are sued in the same action; hence Page is a necessary party under Subdiv. 29a. See Commonwealth Bank & Trust Co. v. Heid Bros., Inc., 122 Texas, 56, 52 S. W. 2d, 74.

It follows that the courts below erred in sustaining the plea of privilege.

We assume that the Court of Civil Appeals will voluntarily conform its ruling and decision to this opinion, but if it does not do so the writ will issue as prayed.

Opinion delivered May 31, 1950.

NOTE: For opinion of Court of Civil Appeals conforming its ruling to the holdings of this opinion, see 231 S. W. 2d 686.—Editor.