## HARRIS v. FOSTER.

### No. 10183.

Court of Civil Appeals of Texas.

Austin.

Oct. 14, 1953.

·Woodruff & Holloway by R. R. Holloway, Brownwood, for appellant.

Sutton, Holdridge & Sutton by John F. Sutton, Jr., San Angelo, for appellee.

HUGHES, Justice.

This is a venue case in which appellant, Ewell Harris, invokes his privilege to be sued in Brown County, the county of his residence.

The suit grows out of a collision occurring October 26, 1951, on a bridge on State Highway 67 in Tom Green County about twelve miles west of San Angelo between a Chevrolet passenger car operated by appellee, Bailey A. Foster, and a Ford truck operated by Alvin Cleo Pepper.

In the car with Mr. Foster at the time of the collision were his wife and minor daughter, Sharon, and he sues for himself and as next friend for his daughter for damages for personal injuries sustained by

his wife, daughter and himself in such collision.

Defendants in the court below besides appellant are Alvin Cleo Pepper and M. T. Kelley, neither of whom reside in Tom Green County.

It is undisputed that the collision was caused by the negligent operation of the Ford truck and that such negligence was sufficient to constitute a trespass under Subd. 9 of Venue Article 1995, Vernon's Ann.Civ.St.

Appellant, however, had no connection with the operation of the Ford truck nor was he in any manner interested in the business or enterprise in which the truck was engaged at the time of the collision. His asserted liability herein is based solely upon the following facts:

M. T. Kelley desired to move an oil rig from Brown County to Reagan County and for this purpose he borrowed a Ford truck from his brother J. C. Kelley. He also solicited aid from appellant who was in the employ of the Central Texas Gas Company. It was the practice of M. T. Kelley and appellant to exchange work and equipment. Appellant lent Kelley a gas company truck and procured a special permit from the State Highway Department in Brown County for the Ford truck, involved in the collision, to carry an over-length load.

This truck was to and did carry shear poles 57' in length and in order for this movement to be lawful the provisions of Article 6701a, V.A.C.S., had to be obeyed. One of these provisions is that a bond be posted to protect the State against damage to its highway resulting from operation under such special permit.

M. T. Kelley had no bond on file with the Highway Department for such special permits but Horace E. White of Brownwood did have such a bond on file. Appellant, without any authority from Mr. White, applied to the Highway Department for a special permit authorizing the Ford truck to carry the shear poles from Brown County to Reagan County and signed the application "Horace E. White, By: Ewell Harris."

The application contained the following provisions:

"It is expressly understood that the State Highway Department shall not be responsible in any way for any damage of whatever nature that may result from the movement of the above described vehicle and load over State Highways and that all such responsibility is hereby accepted on behalf of the applicant."

It is appellee's position that the above application executed by appellant under the circumstances noted creates liability of appellant for damages sustained by appellee and his daughter as a result of the negligent operation of the Ford truck under authority of the permit issued pursuant to such application and also that it constitutes appellant's written agreement to perform an obligation in Tom Green County which fixes venue therein under Subd. 5, Article 1995.

Our concern here is venue not liability.

■ There are at least two reasons for holding that the application does not fix venue of this suit as to appellant in Tom Green County under exception 5.

In the first place the application does not obligate appellant to do anything in Tom Green County. If, as appellee contends, such application obligates appellant to pay the damages involved in this suit there is no requirement therein that they be paid in any particular county.

In the second place the contract (application) did not purport to be the contract of appellant. It purported to be the contract of Horace E. White. True it was executed without the authority of Mr. White but this fact does not make appellant liable on the contract. His liability, if any, is for breach of warranty of authority or for deceit. First State Bank of Roby v. Hilbun, Tex.Civ.App., Eastland, 61 S.W.2d 521; 2 Tex.Jur. p. 580.

Appellee also invokes Subd. 29a of Article 1995, V.A.C.S., to sustain venue in Tom Green County on the ground that appellant is a necessary party to this suit and he cites the following Supreme Court cases as supporting authorities: Ramey & Mathis v. Pitts, 149 Tex. 214, 230 S.W.2d 211, and Clingingsmith v. Bond, Tex.Sup., 241 S.W.2d 616.

In Ramey & Mathis v. Pitts it was held that where a principal and surety undertake a joint and several obligation that the principal is a necessary party to a suit against the surety for enforcement of such obligation for the reason that full relief, i. e., a joint judgment, could not be obtained if the principal, as well as the surety, was not before the court.

In Clingingsmith v. Bond the Court held that one in possession of personal property was a necessary party to a suit brought for its recovery.

Appellee relies upon the following quotation from that case: "In determining who is a 'necessary party', as used in Subdivision 29a, the following test should be applied. Can the plaintiff obtain the complete relief sought in his suit without the joinder of such party?" loc. cit. 241 S.W.2d 617.

Of course no relief can be obtained against a party not before the Court, so if any relief is asked against any defendant such defendant would be a necessary party under the test quoted above.

■ We believe the correct rule is stated in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775, as follows:

"The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 28a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case *as against the defendant properly suable in that county* can be obtained only in a suit to which both defendants are parties. Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W. 2d 284; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900." Italics ours.

In Tarrant v. Walker cited in the above quotation suit was brought in Polk County against the Texas Company to recover damages alleged to have resulted from a car collision with a Texas Company truck driven by its employee Gunter who was also sued. Neither defendant resided in Polk County although the Texas Company was lawfully suable there. The Court, in sustaining Gunter's plea of privilege, said:

"All the relief to which the Tarrants are entitled *as against The Texas Company* can be so enforced in the district court of Polk County, under subdivision 23, Art. 1995, supra, without Gunter's presence as a defendant. Therefore, Gunter is not a necessary party to the suit within the meaning of subdivision 29a." [140 Tex. 249, 166 S.W. 2d 902.] Italics not ours.

■ All the relief to which appellee is entitled as against Pepper or Kelley can be enforced in Tom Green County without the presence of appellant. Therefore, he is not a necessary party to the suit within the meaning of subdivision 29a.

The judgment of the trial court is reversed and this cause is remanded with instructions to sustain appellant's plea of privilege and transfer this cause, as to him, to the District Court of Brown County.

Reversed and remanded with instructions.