The FIRST TRUST COMPANY et al.,
Appellants,

v.

GOOD LAND LUMBER COMPANY et al.,
Appellees.

No. 3410.

Court of Civil Appeals of Texas.

Waco.

Dec. 13, 1956.

W. B. Mallette, Victoria, Dan Moody, Dan Moody, Jr., Austin, for appellants.

Guittard & Henderson, Victoria, for appellees.

McDONALD, Chief Justice.

This is a venue case. Parties will be referred to as in the Trial Court. Plaintiff Good Land Lumber Company brought suit in Victoria County against four defendants: G. J. Swafford, a resident of Victoria County; The First Trust Company, a corporation with principal office and place of business in Travis County; W. T. Mayne, a resident of Travis County; W. R. Mayne, a resident of Travis County. The three Travis County defendants filed pleas of privilege to be sued in Travis County. Plaintiff filed controverting affidavits to such pleas of privilege, contending for venue in Victoria County, under Article 1995, Subdivisions 4, 10, 12, 14, 29a, 23, and in order to avoid a multiplicity of suits, as against The First Trust Company, and under Article 1995, Subdivisions 4, 10, 12, 14, 29a, and in order to avoid a multiplicity of suits, as against defendants W. T. Mayne and W. R. Wayne. The Trial Court, after hearing, overruled defendants' pleas of privilege, and defendants appeal.

A statement is necessary. The Claircrest Corporation was organized as a Texas corporation and the defendants, G. J. Swafford, W. T. Mayne, and W. R. Mayne were organizers and directors. Its principal office was the same office as that of defendant, The First Trust Company. Defendants W. T. Mayne and W. R. Mayne were officers and directors of The First Trust Company. Prior to 19 March 1953, the Claircrest Corporation, with financial aid from The First Trust Company, desired to build houses in Victoria County, Texas. Claircrest Corporation approached plaintiff for a line of credit, which was arranged only after The First Trust Company guaranteed the account in writing up to $25,000. Later Claircrest Corporation executed its note payable to The First Trust Company for $25,000, which was in turn endorsed to plaintiff with recourse as collateral security for the account of Claircrest Corporation with plaintiff up to the maximum amount stated. In reliance upon the guarantee and collateral security, plaintiff delivered large amounts of lumber and materials to Claircrest Corporation in Victoria County, Texas, which were used to build houses in Victoria County, Texas. Thereafter Claircrest Corporation owed plaintiff for lumber and materials far in excess of $25,000, and plaintiff contacted all of the defendants about payment of the account and was advised that Claircrest Corporation was insolvent. Defendants offered to renew and rearrange the prior note. Accordingly, Claircrest Corporation was caused to execute a new note for $25,000, payable to defendant The First Trust Company at its offices in Travis County, Texas, in annual installments of $6,250 at 6% interest. The note was signed, "The Claircrest Corporation by W. T. Mayne, President", and attested to by the corporation's Secretary. Following the signature above defendant G. J. Swafford in writing "individually guaranteed the payment of the within note;" and on the back thereof appears the following endorsement: "Pay to the order of Good Land Lumber Company, Victoria, Texas, with full recourse", signed by "The First Trust Company by W. T. Mayne"; signed, "W. T. Mayne, Individually", and also signed, "W. R. Mayne, Individually." Thereafter G. J. Swafford and W. T. Mayne and W. R. Mayne and The First Trust Company, recognizing the insolvency of the Claircrest Corporation, entered into a written agreement whereby they undertook to liquidate the assets of Claircrest Corporation. As previously noted, Swafford and the two Maynes were officers and directors of the Claircrest Corporation. Thereafter the parties named

proceeded to take over and dispose of the assets of Claircrest Corporation, consisting of real and personal property situated in Victoria County, Texas, and elsewhere. They even rented and appropriated rentals from real property located in Victoria County, Texas. At the time of trial, W. T. Mayne did not know the status of the liquidation. Likewise there was still real and personal property belonging to Claircrest Corporation in Victoria County, Texas. No accounting of any kind was made to plaintiff concerning the liquidation of Claircrest Corporation by defendants. Defendant W. T. Mayne could not give the facts about disposition of the proceeds of the sale of over 30 houses situated in Victoria County, Texas. At least seven houses were foreclosed by The First Trust Company without even a credit to Claircrest Corporation's account, of the stated consideration in the Trustee's deeds of $5,000 and $6,000 per house. These houses were later sold for $8,350 or $8,175. In the foregoing setting plaintiff prayed for: 1) judgment to require a full accounting from defendants of their liquidation of Claircrest Corporation; 2) judgment setting aside foreclosures on Claircrest properties by The First Trust Company; 3) judgment for all personal and real property in the hands of defendants belonging to Claircrest Corporation; and 4) judgment against defendants for debt of $25,000, together with interest as provided therein.

Plaintiff seeks to maintain venue in Victoria County under Subdivisions 4, 10, 12, 14, 23, and 29a of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 4, 10, 12, 14, 23, 29a. Defendants contend that venue is not maintainable in Victoria County under any of the foregoing and that the Trial Court erred in not transferring the cause as to them to Travis County. We will briefly consider each of these subdivisions as applicable to the facts in the case at bar.

 Subdivision 23, Article 1995, R.C.S. provides, in part, that suits against a corporation may be brought *"in the county in*

*which the cause of action or part thereof arose."* Plaintiff in the instant case has alleged and proved several causes against defendant The First Trust Company, a corporation. One cause of action is based on the endorsement of a note, another is for an accounting; another is for the recovery of certain real or personal properties situate in Victoria County, Texas, or the value thereof; another is to establish an equitable lien on properties situated in Victoria County, Texas. The record before us shows that all of the activities complained of took place in Victoria County, and had to do with real and personal property located in Victoria County, Texas. The original consideration for the endorsement of The First Trust Company sued on was for lumber and material delivered to Claircrest Corporation in Victoria County, Texas. The acts of the defendants under their contract for liquidation of Claircrest Corporation related to real and personal property in Victoria County, Texas, and plaintiff's real injury occurred when these properties were disposed of by defendants for their own benefit and without a proper accounting. In United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099, at page 1109, affirmed 130 Tex. 126, 108 S.W.2d 432, the court says:

"A cause of action consists not alone of the genesis of the right but of the breach of the right, and in order to maintain the suit in some county other than that in which the corporation's principal place of business is located, it is necessary and only necessary that some part of the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is filed."

In Savage v. H. C. Burks & Co., Tex.Civ. App., 270 S.W. 244, 245, (no writ) the court said:

"A cause of action, as that term is used in the venue statute, consists both of the right of plaintiff and the injury

to such right. It embraces the entire state of facts that give rise to an enforceable claim, and necessarily comprises every fact which a plaintiff must prove in order to obtain judgment."

In Transit Grain & Commission Co. v. Snapp, Tex.Civ.App., 148 S.W.2d 233, 234, (no writ) the court said:

" 'The provision of exception 23 of article 1995 * * *, which permits "a private corporation * * *" to be sued "in any county in which the cause of action, or a part thereof, arose," means that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where suit is brought.' "

To the same effect are: Diamond Mill Co. v. Adams-Childers Co., Tex.Civ.App., 217 S.W. 176 (no writ); Watson v. Jackson, Tex.Civ.App., 264 S.W. 603 (writ dis.); White Point Development Co. v. Seagraves, Tex.Civ.App., 278 S.W. 855 (no writ).

Applying the foregoing rules to the record herein, we conclude that the major part of the transactions out of which plaintiff's various causes of action against The First Trust Company arose occurred in Victoria County and involved property located in Victoria County, and it follows that plaintiff's suit can be maintained in Victoria County against defendant The First Trust Company under Subdivision 23 of the venue statute.

■ Subdivision 29a, Article 1995, R.C.S. provides that whenever there are two or more defendants in any suit brought in any county where such suit is lawfully maintainable under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

Since venue as to the defendant The First Trust Company is held to be in Victoria County under Subdivision 23, the other defendants W. T. Mayne and W. R. Mayne are properly held in Victoria County under Subdivision 29a. See: Broderick v. Galt, Tex.Civ.App., 81 S.W. 2d 268 (no writ); Brown v. Neyland, Tex. Civ.App., 62 S.W.2d 227 (no writ); Commonwealth Bank & Trust Co. v. Heid Bros., Tex.Com.App., 122 Tex. 56, 52 S.W. 74; Ramey v. Mathis & Pitts, 149 Tex. 214, 230 S.W.2d 211; Amberson v. F. G. Rodgers & Co., Tex.Civ.App., 271 S.W.2d 846 (writ dis.); Carter v. Texas State Bank, Tex.Civ.App., 189 S.W.2d 782 (no writ).

■ Subdivision 10, Article 1995, R.C.S. provides that suit for recovery of personal property may be brought in any county where the property may be. It is undisputed that defendants sold the property of Claircrest Corporation and that some of the property is still in existence in Victoria County. Plaintiff's causes of action include prayer for judgment for personal property belonging to Claircrest Corporation. Defendants were both voluntary and statutory Trustees of the assets of Claircrest Corporation and must account to creditors of such corporation, among which plaintiff is numbered. See: Welch v. Scarbrough, Tex.Civ.App., 211 S.W.2d 390 (Mand.Over.); Downing v. Slattery, Tex.Civ.App., 144 S.W.2d 371 (writ dis.). We think that venue is maintainable in Victoria County as to all defendants under Subdivision 10.

■ Subdivision 12, Article 1995, R.C.S. provides that a suit for foreclosure of a lien may be brought in the county where property subject to such lien is situated. The record before us reflects that plaintiff seeks to enforce and foreclose an equitable lien on personal property situated in Victoria County. A suit on debt and to foreclose an equitable lien can be brought

in the county where the property is situated. See: McAllen Cafe v. Chris Automatic Dishwasher, Tex.Civ.App., 9 S.W.2d 753 (no writ). We think Subdivision 12, Article 1995, maintains venue in Victoria County as to all defendants.

Subdivision 14, Article 1995, R.C.S. provides that suits for recovery of lands may be brought in the county where the land, or a part thereof, is located. The record before us reflects that there is real property belonging to Claircrest Corporation in Victoria County which has not been liquidated by the defendants who are Trustees of same. We think that venue is maintainable in Victoria County as to all defendants under Subdivision 14.

■ Finally, Subdivision 4, Article 1995, R.C.S. provides that if two or more defendants reside in different counties, suit may be brought in any county where one defendant resides. The foregoing is subject to the proviso that the transfer or assignment of a promissory note shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment had been made. In the case at bar defendant Swafford resides in Victoria County. Suit against defendant Swafford is not on the note but on the unconditional guarantee that he made thereon. Suit against Swafford is therefore properly brought in Victoria County, and since the causes of action against the other defendants are properly joinable, they too can be maintained in Victoria County.

From the foregoing we conclude that plaintiff has alleged and proved the venue facts necessary to maintain venue in Victoria County as to all defendants.

The judgment of the Trial Court is therefore affirmed.

HALE, J., not participating.