**J. I. ZABLE, d/b/a J. I. Zable Fur Company, Appellant,**

v.

**Queenelle HUFF, Appellee.**

**No. 7790.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 16, 1968.

Rehearing Denied Oct. 14, 1968.

Johnson, Guthrie, White & Stanfield, Dallas, for appellant.

Huff & Bowers, Forrest Bowers, Lubbock, of counsel, Jack W. Beech, Fort Worth, for appellee.

DENTON, Chief Justice.

This is an appeal from an interlocutory order overruling appellant's plea of privilege to be sued in Dallas County, his legal residence.

Queenelle Huff brought suit against J. I. Zable, d/b/a J. I. Zable Fur Company and Merchants Fast Motor Lines for damages to certain fur garments sustained while in transit from Dallas to Lubbock. Zable's plea of privilege to be sued in Dallas County was controverted by plaintiff and she relies upon Subdivisions 24 and 29a of Article 1995, Vernon's Ann.Civ.St. Merchants filed an answer but filed no plea of privilege. From an order overruling its plea of privilege, Zable has perfected this appeal.

Unquestionably, appellee is entitled to maintain suit against Merchants in Lubbock County under Subdivision 24. By pleadings and proof it was shown without dispute Merchants was a common carrier, doing business in this state and in Lubbock County and has an agent in Lubbock County. The pleadings and proof were clearly sufficient to prove a cause of action against Merchants. Having held venue was proper in Lubbock County as to Merchants, we must determine if appellee can maintain her suit against Zable in Lubbock County. To do so, appellee relies on Subdivision 29a. The party relying upon Subdivision 29a to hold venue in a county other than the county of the residence of a defendant asserting his statutory privilege, must establish that such defendant is a necessary party to the action. Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107; Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758.

■ It is well settled that a "necessary party" as used in Subdivision 29a is one whose joinder is necessary in order to afford the plaintiff the full relief to which he is entitled in the suit which can be so maintained in that county. Ladner v. Reliance Corporation, supra; Shaw v. Allied Finance Company, supra; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Ramey and Mathis, Inc. v. Pitts, 149 Tex. 214, 230 S.W.2d 211. Therefore, the burden is upon appellee to establish that the joinder of Zable is necessary to enable her to receive full relief in this suit which she is entitled to maintain against Merchants in Lubbock County under Subdivision 24.

Appellee alleged she was the owner of certain described fur garment; and that in July 1966 she placed the furs with Zable in Lubbock for the purpose of storage. That Zable, without her knowledge and consent, shipped the furs to Dallas by way of Merchants Truck Line; and that in the process of shipping them back to Lubbock by the same shipper, the furs were totally destroyed when acid was spilled on them. Appellee alleged Zable breached the bailment contract by shipping the goods to Dallas without appellee's knowledge and consent which prevented appellee from declaring a proper valuation on the furs; in improperly valuing the furs; and shipping the furs by Merchants when he knew or should have known the latter would not properly store and handle the furs. Merchants is charged with various acts of negligence in the manner in which the furs were shipped.

■■ Appellee, who did not sign a fur storage receipt, placed her furs with Zable under a verbal bailment contract. By both pleadings and proof, appellee had no knowledge Zable was to ship her furs to Dallas. A bailor makes out a prima facie case of negligence against a bailee by proving the bailment and that the property was delivered to the bailee in good condition and that it was damaged while in the possession of the bailee or not returned at all. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157 and Big "D" Auto Auction, Inc. v. Hightower (Tex.Civ.App.) 368 S. W.2d 881. When Zable shipped appellee's furs by Merchants, he declared their value to be $5.00 per pound. In its answer, Merchants pleaded its liability, if any, was limited to the declared value by virtue of Article 883, V.A.C.S. (1965 as amended) and Section 7–309 of the Texas Commercial Code, V.T.C.A. Merchants further alleged it had entered into a compromise settlement with Zable's insurance carrier for the damages to the furs based on the declared value placed on the furs by Zable. Appellee alleged her furs to have had a value in excess of $3,000.00, and this is supported by the evidence. The extent of Merchants' liability, if any, to appellee is therefore an issue to be determined. Appellee alleged both defendants were negligent and that the furs were damaged as a result of such negligence. She seeks a joint and several judgment against both Zable and Merchants. Appellee cannot have full satisfaction and therefore cannot obtain full relief unless both defendants are made parties to this same action. We therefore hold Zable is a necessary party to this action under Subdivision 29a. Commonwealth Bank and Trust Company v. Heid Brothers, Inc., 122 Tex. 56, 52 S.W.2d 74.

■ Appellant next challenges the sufficiency of the controverting affidavit. The controverting affidavit, duly verified, adopted the original petition "in its entirety and makes the same a part hereof as fully as if copied herein at length" and stated that the controverting affidavit was true and correct. Appellant's contention is not well taken. McCarty v. Hinman (Tex. Civ.App.) 342 S.W.2d 29; Patrick v. Webb (Tex.Civ.App.) 369 S.W.2d 446. Rule 86, Texas Rules of Civil Procedure.

The judgment of the trial court overruling the plea of privilege is affirmed.