**Eleanor MORSE et vir, Appellants,**

**v.**

**Samuel R. FISHER et al., Appellees.**

**No. 16017.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 15, 1973.

Rehearing Denied April 19, 1973.

St. John Garwood, Jr., Houston, for appellants; Austin, Dabney, Northrop & Garwood, Houston, of counsel.

Charles L. Black Aycock, Houston, for appellees.

PEDEN, Justice.

Venue matter. Mr. Fisher, as trustee under the will of his deceased wife, sued for permission to resign as trustee, for appointment of a substitute trustee and for other relief. The two beneficiaries of the trust are Mr. Fisher and Mrs. Morse, daughter of Mr. and Mrs. Fisher. Mrs. Morse, joined by her husband, brought a counterclaim against Mr. Fisher and joined as a party defendant the Aetna Casualty and Surety Co., surety on Mr. Fisher's fidelity bond.

Aetna's plea of privilege to remove the cause to Travis County, Texas, the county where the bond was filed, was not opposed by the appellants at the hearing on the plea. They did, however, oppose a motion filed by Mr. Fisher to sever the counterclaim against him and to retain venue in Harris County as to it. The trial court granted Aetna's plea of privilege and Mr. Fisher's motion to sever, reciting in its order that no evidence was presented to the court.

Appellants' only point of error is:

"Appellants having plead a single, non-severable cause of action against . . . Aetna and Fisher and having joined other claims against appellee Fisher so closely connected that severance would produce an unreasonable multiplicity of suits, the trial court erred, when it sustained Aetna's plea of privilege, in failing to transfer the entire suit . . . ."

In their pleadings the appellants prayed for the following relief:

1. An accounting and restitution by Fisher and by Aetna of all funds distributed to Fisher as to the "subtrust" funds paid to Fisher by the Austin National Bank during a specified period plus an accounting and restitution by Fisher as to his administration of the Mrs. Laura McKean Marks trust (a separate trust provision).

2. An accounting and restitution by Fisher and by Aetna of all funds with

which such trust and "subtrust" funds were commingled, and other equitable relief.

3. A decree imposing a constructive trust or an equitable lien on all funds distributable by the Austin National Bank to Fisher individually under his former wife's will and other relief.

4. A decree either accepting Fisher's resignation or removing him or declaring the office of "subtrustee" for the benefit of appellant Eleanor Morse to be vacant.

5. Judgment against Fisher and Aetna jointly and severally for the amount of the bond and other relief.

■ We hold that the trial court did not err in severing that part of the cross-plaintiffs' cause of action which seeks an accounting and restitution from Fisher alone as to his administration of the trust of Mrs. Laura McKean Marks (a separate, unbonded trust); we are unable to say that the trial judge abused his discretion in severing the cause of action concerning such unbonded trust.

"The established rule as to transferring a cause when the plea of privilege of one of several defendants is sustained is stated by Chief Justice Alexander, when Justice of a Court of Civil Appeals, in Johnson v. First National Bank of Brenham, Tex.Civ.App., 42 S.W.2d 870, 871, as follows: 'The rule seems to be that, where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained, if the cause of action is a joint action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against the several defendants is severable, or joint and several, the court should retain jurisdiction over the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should transfer the suit in so far as it concerns the defendant whose plea is sustained.'" Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65 (Tex.1942).

All of the parties to this part of the suit are residents of Harris County, and it appears from the pleadings that this portion of it can, without needless duplication of effort, be severed so as to protect the right of Fisher to be tried in his own county.

■ However, in the actions against the surety, liability cannot be established against it unless and until liability can be established against the trustee. For that reason Fisher is a necessary and indispensable party to the action against the surety, and the action alleged against them jointly and severally cannot be separated. Scott v. United States Fidelity & Guaranty Co., 256 S.W.2d 860 (Tex.Civ.App.1953, no writ); Ramey & Mathis v. Pitts, 149 Tex. 214, 230 S.W.2d 211 (1950).

We consider that the dispute over Fisher's resignation or replacement can best be solved in connection with the trial of the other matters concerning the bonded trust.

That part of the trial court's order which granted Fisher's motion to sever is affirmed only as to that part of the Morse pleadings in which they seek relief concerning Fisher's administration of the unbonded trust of Mrs. Laura McKean Marks; otherwise, the severance portion of the trial court's order is reversed and rendered.