**GOLD KIST, INC. Appellant,**

v.

**Edward C. CARR, Jr., Appellee.**

**No. 11–93–093–CV.**

Court of Appeals of Texas, Eastland.

Sept. 8, 1994.

Rehearing Overruled Nov. 23, 1994.

Martin L. Peterson, Robert J. Glasgow, Glasgow & Taylor, Stephenville, for appellant.

Keith Woodley, Woodley & Dudley, Comanche, for appellee.

## Opinion

McCLOUD, Chief Justice.

Edward C. Carr, Jr., entered into a written agreement with Gold Kist, Inc. to purchase trucks and peanut hauling equipment from Gold Kist. Carr later sued Gold Kist for damages alleging breach of contract, promissory estoppel, and fraud. The central issue in Carr's suit was whether or not Carr had "exclusive hauling rights." Trial was to the jury who found that:

(1) Gold Kist agreed that Carr would have exclusive hauling of Gold Kist' peanut commodities in the State of Texas during the term of the promissory note.

(2) Carr was able to perform in accordance with that agreement.

(3) With the objective of placing Carr in the position he would have been in had the agreement been performed, the damages suffered by Carr for the following peanut hauling seasons were:

| | |
|---|---|
| 1986: | $ 20,479.00 |
| 1987: | $ 89,188.00 |
| 1988: | $145,089.00 |
| 1989: | $171,895.00 |
| 1990: | $114,148.00 |
| 1991: | $ 29,602.00 |

(4) Gold Kist knew on September 24, 1986, that the representation that Carr would have exclusive rights to haul peanuts was false.

(5) Carr should recover $250,000.00 as exemplary damages for that falsehood.

The trial court made further findings relating to breach of contract, promissory estoppel, and fraud. The court entered a judgment in favor of Carr awarding him $570,401.00 in actual damages and $250,000.00 in exemplary damages plus prejudgment interest and attorney's fees. The trial court also granted Gold Kist an offset of $36,568.41 on its counterclaim against Carr for payment on his promissory note.

Gold Kist appeals challenging the judgment on several grounds. Gold Kist contends that Carr's breach of contract claim is barred by the parol evidence rule and the statute of frauds [1] and that the trial court erred in entering express findings [2] as to Carr's claim of promissory estoppel. Gold Kist also attacks the jury's finding of fraud. We sustain these challenges in Gold Kist' Points of Error Nos. 1, 3, and 5.[3] The judgment of the trial court is reversed and rendered in part and affirmed in part.

### Background Facts

The record reflects that, in August of 1986, Walter Dan Holland was the manager of Gold Kist' peanut shelling plant in Comyn, Texas. Peanuts were transported to the Comyn plant from statewide "buying points" where farmers sold their peanuts. Some of the buying points were owned by Gold Kist; and others, known as "commissioned buying points," were independently owned. Holland contacted Carr and offered to sell Carr Gold Kist' trucks and hauling equipment at the Comyn plant. Holland and Carr began to negotiate the terms of the sale, and both men were aware that any agreement they reached would have to be approved by Gold Kist' corporate headquarters in Atlanta, Georgia.

They first agreed that Carr would purchase the trucks and equipment and that Carr would have the exclusive right to haul peanuts for Gold Kist in Texas. This agreement was submitted to Michael Stimpert, a vice-president for Gold Kist at the Atlanta corporate headquarters. Some of the commissioned buying points wanted to use their own trucks and equipment to haul the peanuts. Gold Kist did not want to risk losing business from these buying points. Stimpert objected to granting Carr exclusive hauling rights and requested that the final contract be drafted so as to exclude any hauling rights. Holland told Carr that Gold Kist would not grant him the exclusive right to haul all of Gold Kist' peanuts.

---

1. TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1987).

2. TEX.R.CIV.P. 279.

3. Our holding on these points of error is dispositive of the appeal, and we do not reach Gold Kist' remaining points. TEX.R.APP.P. 90(a).

A contract was drafted under which Carr would purchase Gold Kist' trucks and hauling equipment for $60,000.00 paying $20,000.00 in cash and executing a five-year promissory note for the remaining $40,000.00. The contract stated: "Gold Kist, from time to time, may, but shall be under no obligation to, engage you to haul commodities on its behalf." Stimpert signed the contract as Gold Kist' "Group Vice President–Agricommodities." On September 24, 1986, Carr signed the contract.

### Exclusive Hauling Rights

The central issue in Carr's suit is whether or not Gold Kist granted him the exclusive right to haul its peanuts. Carr testified that, after the original agreement was rejected by Gold Kist' corporate headquarters, he renegotiated the agreement with Holland. Under this second agreement, Carr testified that he was to have exclusive hauling rights with the exception that, during the first year of operation, he would not haul peanuts from the buying points that had protested. After the first year, those buying points would be "educated and straightened out"; and Carr would then have the exclusive right to haul from those buying points as well. Because Carr's hauling during the first year would be reduced under the new agreement, the purchase price of the trucks and equipment was reduced from $100,000.00 to $60,000.00.

When he received the written contract signed by Stimpert, Carr questioned the sentence that stated that Gold Kist had no obligation to use Carr because the sentence did not conform with what he thought was the agreement. Carr asked Holland what it meant. Holland called Ron Clark, the Atlanta-based manager of Gold Kist' peanut division, who told Holland that he thought Gold Kist did not have to use Carr if his performance did not meet Gold Kist' expectations. Holland relayed this information to Carr who signed the agreement.

### Parol Evidence Rule

The parol evidence rule precludes consideration of extrinsic evidence to contradict, vary, or add to the terms of an unambiguous written agreement absent fraud, accident, or mistake. *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948, 952 (1960); *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958). Whether a contract is ambiguous is "a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered." *Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex.1983). A contract is ambiguous when its meaning is genuinely uncertain and doubtful or when it is reasonably susceptible to more than one meaning. *Coker v. Coker, supra.* If a contract can be given a certain or definite legal meaning or interpretation, it is not ambiguous; and the court will construe the contract as a matter of law.

The Gold Kist–Carr contract provided that "Gold Kist, from time to time, may, but shall be under no obligation to, engage you to haul commodities on its behalf." Considering this sentence in light of the contract as a whole and in light of the surrounding circumstances, we conclude that the contract is not ambiguous. The meaning is not genuinely uncertain and doubtful. The contract clearly states that Gold Kist has "no obligation" to use Carr's hauling services. This provision in the contract is not reasonably susceptible to the interpretation suggested by Carr: that Carr would have exclusive hauling rights for the term of the promissory note. Carr's interpretation contradicts the express language of the contract. The mere fact that Gold Kist and Carr take conflicting views of the agreement or that they differ in their expectations is not sufficient to render the contract ambiguous. *Forbau v. Aetna Life Insurance Company,* 876 S.W.2d 132, 134 (Tex.1994).

Because the contract is unambiguous, we must give effect to the objective intention of the parties as expressed or as is apparent in the written agreement. *Sun Oil Company (Delaware) v. Madeley,* 626 S.W.2d 726, 731 (Tex.1981); *City of Pinehurst v. Spooner Addition Water Company,* 432 S.W.2d 515, 518 (Tex.1968). Under the plain language of the contract, Gold Kist had no obligation to engage Carr's services for the hauling of peanuts.

■ If a party was induced to enter into an agreement by fraud, parol evidence is admissible. *Santos v. Mid–Continent Refrigerator Company*, 471 S.W.2d 568, 569 (Tex.1971). At trial, Carr claimed that Gold Kist made a promise of exclusive hauling rights without the present intention of performing that promise. Carr did not contend that Gold Kist misrepresented the terms of the written agreement. Carr neither requested nor obtained a jury finding that Carr was fraudulently induced to agree to the unambiguous sentence in the contract providing that Gold Kist had no obligation to use Carr. There was no evidence that Carr was induced by fraud to agree to the provision in the contract. At most, the record establishes that Holland made a representation regarding the legal effect or interpretation of a document which did not constitute fraud. See *Fina Supply, Inc. v. Abilene National Bank*, 726 S.W.2d 537, 540 (Tex.1987).

Carr also contends that Gold Kist' alleged promise to give Carr exclusive hauling rights is enforceable because the promise was an independent, collateral agreement. See *Hubacek v. Ennis State Bank, supra.* We disagree.

■ The contract clearly contemplated the subject matter of hauling and specifically excluded any obligation to use Carr. Any prior or contemporaneous agreement giving Carr exclusive hauling rights would not be an independent or collateral agreement. Rather, such an agreement would have been inconsistent with and would have contradicted the express terms of the written agreement.

### Statute of Frauds

■ Carr seeks to enforce the alleged promise that Carr would have the exclusive right to haul Gold Kist' peanuts in the State of Texas during the five-year term of the promissory note. This alleged promise is not performable within one year from its inception; and, therefore, the statute of frauds applies. TEX.BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 1987). To be enforceable, the agreement must be evidenced by a writing containing all of the essential elements of the agreement so that the contract can be ascertained without resorting to oral testimony. *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex.1978). Carr offered three writings to establish Gold Kist' promise of exclusive hauling: a letter dated September 8, 1986; the September 24, 1986, agreement; and a letter dated March 6, 1987. None of these writings are sufficient to satisfy the statute of frauds.

■ Holland wrote a letter dated September 8, 1986, and sent it to all of the buying points. The letter stated in part:

Gold Kist has recently sold its trucks to Eddie Carr, Jr., of Schultz Trucking. He will be handling *all* of Gold Kist's Trucking of farmerstock peanuts from the buying points to the shelling plant, unless prior arrangements have been made with myself, no one else. (Emphasis in original)

This letter does not state that Gold Kist promised Carr exclusive hauling rights. The evidence established that the agreement discussed in this letter was only a preliminary agreement negotiated between Carr and Holland and that Gold Kist expressly disapproved of this arrangement.

■ The September 24, 1986, agreement unambiguously states that Gold Kist had no obligation to use Carr for the hauling of its peanuts. Therefore, it does not constitute a writing evidencing a promise of exclusive hauling for the term of the promissory note.

■ The third writing offered by Carr is a letter Holland wrote on March 6, 1987, explaining what he thought Gold Kist and Carr had agreed to in September of 1986. At the time he wrote this letter, Holland was no longer employed by Gold Kist. The March 6, 1987, letter fails to satisfy the requirement of the statute of frauds that the writing be signed by a person either "charged" with the agreement or legally authorized to sign for the person so "charged." Section 26.01(a)(2). This letter further fails to satisfy the statute of frauds because it does not contain elements of the agreement Carr seeks to establish.

■ Carr also argues that the alleged agreement is removed from the statute of frauds under the doctrine of promissory estoppel. We disagree. This theory was not

presented in the trial court. There is no evidence that Gold Kist orally promised to sign an agreement in compliance with the statute of frauds as to exclusive hauling rights. Carr did not request such a finding, and none was made. Carr has not established that the doctrine of promissory estoppel applies to remove his alleged agreement from the requirements of the statute of frauds. *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex.1982); *Consolidated Petroleum Industries, Inc. v. Jacobs*, 648 S.W.2d 363, 367 (Tex.App.—Eastland 1983, writ ref'd n.r.e.).

*Express Finding of Promissory Estoppel*

The trial court stated in its judgment that, as found by the jury, Gold Kist promised Carr that he would have exclusive hauling rights during the term of the promissory note; that Gold Kist foresaw that Carr would rely on that promise; that Carr substantially relied on that promise to his detriment by purchasing the trucks from Gold Kist; and that, but for that promise, Carr would not have bought Gold Kist' equipment and would not have built a truck terminal on Gold Kist' property.

■ Promissory estoppel is available as a cause of action to someone who has reasonably relied to his detriment on an otherwise unenforceable promise. *Wheeler v. White*, 398 S.W.2d 93, 96–97 (Tex.1965). The elements of promissory estoppel are a promise, foreseeability by the promisor that the promisee would rely on the promise, and substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983); see also RESTATEMENT (SECOND) OF CONTRACTS § 90(1) (1981).

■ The trial court's charge to the jury submitted the essential elements of breach of contract and fraud. The only question submitted that arguably refers to any of the essential elements of promissory estoppel was Question No. 1, which asked whether the parties had an agreement as to Carr's exclusive hauling rights. The other questions submitted did not refer to foreseeability and substantial reliance; and those elements were not established as a matter of law. The only damage question in the charge asked

the jury to award damages measured by Carr's expectancy or benefit of the bargain. In a claim of promissory estoppel, only reliance damages are allowed. *Fretz Construction Company v. Southern National Bank of Houston*, 626 S.W.2d 478, 483 (Tex.1981); *Sun Oil Company (Delaware) v. Madeley*, supra at 734; *Wheeler v. White*, supra at 96–97.

■ Rule 279 provides that, before the trial court can make findings on omitted elements of a ground for recovery or before such omitted elements can be deemed found, the submitted element or elements must be "necessarily referable" to that ground of recovery. *Superior Trucks, Inc. v. Allen*, 664 S.W.2d 136, 144 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); see generally, 34 GUS M. HODGES & T. RAY GUY, THE JURY CHARGE IN TEXAS CIVIL LITIGATION § 146 (Texas Practice 1988). Question No. 1 submitted an essential element of Carr's claims for breach of contract and for fraud. The question did not necessarily refer to promissory estoppel to the extent that Gold Kist would be put on notice that it would be subject to deemed or express findings on that theory. The trial court erred by entering express findings on the promissory estoppel theory.

*The Jury's Finding of Fraud*

The jury found in Question No. 4 that Gold Kist knew on September 24, 1986, "that the representation that Edward C. Carr, Jr., would have the exclusive hauling of its peanut commodities was false." However, the September 24, 1986, contract expressly provided that Gold Kist was under no obligation to engage Carr to haul peanut commodities for Gold Kist. This provision is not ambiguous and could not be contradicted by parol evidence. Furthermore, the alleged oral promise of exclusive rights was unenforceable under the statute of frauds.

■ We agree with the conclusion reached in *Keriotis v. Lombardo Rental Trust*, 607 S.W.2d 44 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.), where the court, citing *Wade v. State National Bank*, 379

S.W.2d 717 (Tex.Civ.App.—El Paso 1964, writ ref'd n.r.e.), stated:

> We fail to see how there could be any recovery for fraud involving the breach of an unenforceable contract. To hold otherwise would be to create an anomoly, and allow one to do indirectly what he could not by law do directly.

The court further stated:

> Thus it is not only the nature of damages sought but also the relationship of the promise to the purposes of the statute of frauds which controls the application of the statute.

Here, Carr is seeking to recover what he would have gained had the alleged oral promise been performed. The gist of his cause of action is the breach of the unenforceable promise. *Webber v. M.W. Kellogg Company*, 720 S.W.2d 124 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Collins v. McCombs*, 511 S.W.2d 745 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.).

The judgment of the trial court is reversed, and judgment is rendered that Carr take nothing against Gold Kist. The $36,-568.41 judgment rendered in favor of Gold Kist is affirmed.

DICKENSON, J., not participating.