JAMES A. HUTCHINS v. MARTIN A. WADE.

There being no statement of facts in the case, the errors assigned, upon the rulings of the Court as to the admission of testimony, and as to the interrogatories propounded to defendant, and upon the charges given, and charges refused to be given to the jury, cannot be considered.

The Court permitted the plaintiff to amend, after overruling the exceptions of defendant to the petition. That was certainly within the discretion of the Court, and may well be permitted when the Court is doubtful as to the correctness of its decision.

A promise to pay a certain sum "out of the proceeds of my present crop, when sold," with allegation of sufficient consideration, and that the said crop has been sold, and that the defendant, although often requested, has failed and refused to pay, &c., is a good cause of action; an allegation of a special request to pay was not necessary.

A promise in writing to pay a certain sum "out of the proceeds of my present crop, when sold," bears interest under our statute from the time of the sale of the crop, or after allowing a reasonable time for its sale.

Appeal from Travis. Tried below before the Hon. Thomas H. DuVal.

Suit by appellee against appellant, commenced June 9, 1856, on the agreement set out in the Opinion. The petition simply alleged the promise in writing, giving a copy, and stating that "although said crop has been sold, and the time for the payment of said note has passed, there still remains unpaid and due your petitioner the sum of two hundred and nine $\frac{13}{100}$ dollars; and therefore your petitioner sues," &c. Answer that the crop had not been sold as alleged. A few days afterwards defendant

filed an amended answer, in which he excepted to the petition on the ground that neither demand nor consideration was alleged therein. The next day defendant filed another amendment, denying all and singular, &c.; and alleging that the proceeds of said crop had not been realized by defendant. Plaintiff amended by allegation that the promise in writing was given upon a settlement for the services of plaintiff for the defendant for the year 1855. Afterwards plaintiff again amended by alleging that although often requested the defendant failed and refused to pay the balance due on the promise sued upon. It appeared by a bill of exceptions, that the last amendment by plaintiff was filed after the exceptions of the defendant to the petition had been overruled. There were other amendments, which are not now important. Verdict for the plaintiff for $208, principal, and $16 interest. Judgment; motion for new trial overruled, &c.

There was a general exception to the admission in evidence of the note sued on; interrogatories were filed by plaintiff to defendant, to which defendant filed exceptions, which exceptions were overruled. There was no statement of facts.

*Shelby & Carrington*, for appellant.

*I. A. & G. W. Paschal*, for appellee, suggested delay.

ROBERTS, J. There being no statement of facts in the case, the errors assigned, upon the rulings of the Court, as to the admission of testimony, and as to the interrogatories propounded to defendant, and upon the charges given, and charges refused to be given to the jury, cannot be considered. The only question now presented by the record is, did the Court err in sustaining the petition and in permitting and sustaining the amendments of plaintiff?

The Court permitted the plaintiff to amend after overruling the exceptions of defendant to the petition. That was certainly within the discretion of the Court, and may well be permitted when the Court is doubtful as to the correctness of its decision. It is not for the party, who contends that an additional allegation is necessary to perfect the pleadings of his adversary, to complain that the Court has permitted it to be made. This Court has often decided that the proper province of exceptions is to perfect the pleadings.

Is the petition, then, as amended, sufficient to sustain the plaintiff's action? We think it is.

The instrument upon which the suit is founded reads as follows :—

"Oct. 18, 1855 : I hereby agree to pay M. A. Wade out of the proceeds of my present crop, when sold, the sum of three hundred and thirteen dollars.

(Signed)      J. H. HUTCHINS."

The question is not, is this a promissory note; for it certainly is not; but it is, whether or not this instrument, with the implications naturally emanating from it, in connection with the other averments of the petition and amendments, constitute a cause of action, matured at the time of bringing the suit. In construing this contract it must be presumed, in the absence of an averment to the contrary, that it was made with reference to the usual course of things pertaining to the subject matter of the contract. It would therefore imply that Hutchins had a crop of that year sufficient to pay the debt; that it would be sold at the usual, or in a reasonable time; that when sold the proceeds would be realized from it; and that the crop to be sold was the marketable crop usually made for sale, not including that part of the crop which was made for home-consumption. Nearly six months after the end of the year plaintiff brings his suit and alleges that the "said crop has been sold." This means, when taken in connection with the instrument, and what it imports, that the marketable portion of the crop had been sold, so as to realize the proceeds thereof.

If the contract was made under and with reference to any peculiar circumstances connected with the subject of, or parties to, the contract, which would give it a different meaning from that which would ordinarily be attributed to it, those circumstances should be pleaded by the party seeking to fix such different meaning upon it. If, for instance, from the character of the crop or the custom of trade in relation to it, the party did not usually obtain the proceeds of the crop when it was sold, the allegation that the crop had been sold would not import that the proceeds had been received. The same view cannot be better illustrated than by reference to one of the answers of the defendant, wherein he states the circumstances under which the contract was made, for the purpose of making the instrument

mean that plaintiff was to receive his money out of the proceeds of the crop from time to time *pro rata* as the crop was sold.

The petition contains no such allegation of facts tending to vary the ordinary construction of the instrument; and the fact that the answer does, cannot affect the sufficiency of the petition. It certainly was not necessary for the plaintiff to aver that the contract was made under ordinary circumstances, as that would be presumed in the absence of a contrary averment.

The amended petition states facts which show that this promise was based on a valuable consideration, his services rendered as overseer for defendant.

It is not readily perceived upon what principle a special request to pay could be required in this case. The contract contemplates a particular contingency, the happening of which fixes definitely the time of payment, to wit: selling the crop.

The point raised upon the allowance of one year's interest cannot be determined; because the contract is such a one as will bear interest under our statute, and in the absence of a statement of facts it cannot be known when the crop was sold.

If the defendant wished to have the case revised with reference to the construction given the contract by the peculiar circumstances stated in his answers, he should have procured a statement of facts, showing the evidence adduced on the trial, and that would have brought in review his bill of exceptions, the charge of the Court, and generally the merits of the case.

The only question which the record now presents for decision, is one of pleading; and the principles involved in it are so elementary as not to call for a reference to authorities. The judgment below is affirmed.

Judgment affirmed.