## DEES v. McDONALD.

### No. 2496.

Court of Civil Appeals of Texas. El Paso.

Feb. 12, 1931.

Rehearing Denied March 5, 1931.

B. F. Howell, of Rankin, and Lloyd Kerr, L. D. Gayer, and J. A. Thomas, all of San Angelo, for appellant.

W. B. Silliman, of Ft. Stockton, and J. F. Sutton, James Cornell, and R. G. Hughes, all of San Angelo, for appellee.

**PELPHREY, C. J.**

Appellee filed this suit in the district court of Pecos county, Tex., against appellant, who he alleged to be a resident of Upton county.

Appellee alleged that he was the owner in fee simple of an undivided one-third interest in "all of Survey No. 38, original survey for the public school fund by virtue of Certificate No. 8/1630, issued to the H. & G. N. Railway Company in Block No. 12" in Pecos county, Tex.; that on the 18th day of June, 1927, he was entitled to possession of such lands and premises; that on January 1, 1928, appellant unlawfully entered thereon and dispossessed him and withholds from him possession thereof; and that appellant had occupied and used the premises for two years to appellee's damage in the sum of $10,000.

Appellee prayed for recovery of his one-third interest in the land, that title and possession thereof be vested in him, and that he be awarded his damages.

Appellant files his plea of privilege to be sued in Upton county. This plea was controverted by appellee, who alleged therein that the venue was properly in Pecos county by virtue of the provisions of exception No. 14 to the venue statute.

Upon a hearing, appellant's plea of privilege was overruled, and he has appealed.

### Opinion.

The propositions advanced by appellant upon which he seeks a reversal are: (1) That the burden is on a plaintiff controverting a plea of privilege to establish the existence of one of the exceptions conferring venue in a county other than the county of defendant's residence; (2) that the controverting affidavit and the pleadings of plaintiff are not evidence and are incompetent to establish any fact on a trial of a controverting plea of privilege; and (3) that upon a trial of a controverted plea of privilege, where no evidence is introduced except plaintiff's pleadings and controverting affidavit, the court should transfer the cause to the county of defendant's residence.

Appellee, in response to the above propositions, lays down the following counter proposition: "Where a suit in statutory form of trespass to try title is filed, for recovery of title to and possession of real estate, in the County where the lands are alleged to lie, and defendant in such suit files a plea of privilege in statutory form, alleging his residence to be in another County, and plaintiff controverts such plea in due time by a plea alleging that such suit is for the recovery of lands lying in the County where the suit is pending, no evidence, other than the pleadings, is necessary to such venue in the County where the suit was filed."

After a study of the authorities cited by both parties, we have concluded that the trial court erred in overruling the plea of privilege.

Subdivision 14 of article 1995, Revised Statutes, provides: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land. or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Under the above provision there appears to be two conditions upon which the venue, in a county other than that of the residence of the defendant, depends: (1) That the suit must be concerning land; and (2) that the land is located in the county in which the suit is filed.

Whether or not the suit is one concerning land depends upon the allegations of the petition and is not a question of fact.

The second condition, however, is a question of fact, and before a plaintiff where a sufficient plea of privilege has been filed by the defendant, can maintain his suit in any county other than where the defendant resides, he must allege and prove that the land is located in the county in which he sues, and the allegations in his petition are not alone sufficient proof of such fact.

As was said by this court in De Witt et al. v. Massachusetts Bonding & Ins. Co., 283 S. W. 588, 589: "It is now the settled law under article 1903, Vernon's Sayles' R. S. 1918, that, when a defendant sued out of the county of his residence challenges the venue by proper plea, it is incumbent upon the plaintiff to support the venue as laid by plea and proof." See, also, World Co. v. Dow, 116 Tex. 146, 287 S. W. 241.

We have examined the authorities cited by appellee, and do not think they bear out his contention or are applicable to the facts here.

In the case of Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561, the Fort Worth court held that defendant, having specially pleaded that the suit was not one concerning land or damages thereto, left that question the only one to be decided by the court.

In Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114, the Austin court held that the petition of the state was sufficient to show the venue in Travis county, and that there was no fact controverted by the defendants.

In Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, the Eastland court merely holds that the nature of the action is governed by the allegations of the the petition, but says further that several of the exceptions to the venue statute are based upon the nature of the action, *together with one or two other simple facts ordinarily*

*easy of proof* (italics ours), which holding agrees with our opinion above.

We have concluded that, the appellee having failed to discharge the burden placed upon him by the filing of the plea of privilege, the judgment is reversed, and the cause is ordered transferred to Upton county.