## FIRST NAT. BANK OF ELECTRA et al. v. GUYER et ux.
### No. 3556.

Court of Civil Appeals of Texas. Amarillo.
Feb. 25, 1931.

Rehearing Denied May 13, 1931.

Killough & Dotson, of Vernon, and C. P. Engelking, of Electra, for appellants.

Storey, Leak & Storey, of Vernon, for appellees.

JACKSON, J.

This is an appeal from a judgment of the district court of Wilbarger county, overruling the pleas of privilege of the appellants, the First National Bank of Electra, Tex., and Edward Schlaffke, to be sued in Wichita county, the county of their residence.

The suit was instituted in the district court of Wilbarger county by appellees Jesse C. Guyer and his wife, Emma Guyer, to cancel a promissory note for the sum of $9,424.30, executed by them and payable to the First National Bank of Electra, at Electra, Wichita county, Tex., and to cancel a deed of trust given by appellees covering subdivision 122 of the Waggoner Colony lands in Wilbarger county, to secure the payment of said note. The appellees allege that the deed of trust lien is void because the land above described is and was, at the time of the execution of the deed of trust, their homestead. They set out in detail the facts upon which they rely to have such asserted lien cancelled.

The appellants interposed their respective pleas of privilege to be sued in Wichita county, where they had their domicile and where the note was payable.

The appellees filed their controverting affidavit, in which they state that the main purpose of their suit is to obtain a decree of court declaring said deed of trust lien void on the ground that said land was at the time of the execution of said deed of trust, and

still is, their homestead; that they are husband and wife; that appellants have advertised said land to be sold in Wilbarger county; that appellees seek in their suit to have said deed of trust, in so far as it attempts to fix a lien upon said land, which is situated in Wilbarger county, Tex., and is their homestead, adjudged to be void and of no force and effect.

The appellants each filed an exception to the sufficiency of the controverting affidavit, which is, in effect, a general demurrer. These demurrers were overruled, and the court, after hearing the evidence, entered his judgment overruling the respective pleas of privilege of the appellants and retained jurisdiction of the case, from which action of the court this appeal is prosecuted.

The appellants challenge as error the action of the trial court in overruling their respective demurrers to the controverting affidavit of the appellees, because said controverting affidavit did not set out any exceptions contained in article 1995, R. S., authorizing the suit to be maintained out of the county of their residence, and did not allege that the moneys evidenced by the note was not the purchase price for the land.

█ In our opinion, the controverting affidavit was sufficient as against a general demurrer. Sims v. Trinity Farm Construction Co. (Tex. Civ. App.) 28 S.W.(2d) 856.

█ The appellants challenge as error the action of the trial court in overruling their respective pleas of privilege because the evidence was insufficient to show that the money evidenced by the note was not for the purchase price of the land.

The testimony is without controversy that the land is situated in Wilbarger county, Tex.; that the appellees are husband and wife, were occupying the land as their homestead at the time of the execution of the deed of trust, are still residing on said premises as their homestead; that the appellants had advertised the land under the deed of trust to be sold in Wilbarger county, Tex. There is testimony to the effect that the purchase money for the tract of land involved in this suit had been paid before the execution of the note and deed of trust sought to be canceled.

Under the facts disclosed by this record, we do not feel warranted in holding that the judgment of the trial court was without support in the testimony.

█ "Subdivision 14, art. 1995, Rev. St. 1925, provides, among other things, that suits 'to remove incumbrances upon the title to land * * * must be brought in the county in which the land, or a part thereof, may lie.' Under this statute, it is held that a suit to cancel a lien created by a deed of trust on

land should be brought in the county where the land is situated. Moore v. Byars (Tex. Civ. App.) 47 S. W. 752; Pioneer Savings & Loan Co. v. Peck, 20 Tex. Civ. App. 111, 49 S. W. 160; Clarke v. A. B. Frank Co. (Tex. Civ. App.) 168 S. W. 492; Palmer v. Jaggaers (Tex. Civ. App.) 180 S. W. 907.

"The language of subdivision 14 above quoted is held to require that suit must be brought in the county where the land lies, and that whether the allegations of a petition are sufficient to fix venue under said subdivision is a question of law to be determined by the court. Smith et al. v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147; Wood et al. v. Tandy (Tex. Civ. App.) 299 S. W. 282; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328." Fidelity Union Fire Ins. Co. v. First National Bank (Tex. Civ. App.) 18 S.W.(2d) 800, 803.

The judgment of the trial court is affirmed.