## ORR et al. v. WHITNEY et al.
### No. 6594.

Court of Civil Appeals of Texas. Texarkana.

June 28, 1951.

Rehearing Denied Sept. 6, 1951.

Harrington & Harrington, Longview, for appellants.

Wynne & Wynne, Dallas, for appellees.

WILLIAMS, Justice.

In a trial to the court on December 15, 1950, in cause No. 9254 on the docket of the District Court of Wood County, appellees Mrs. Fred Whitney and husband, plaintiffs below, recovered judgment against appellants B. B. Orr and the Republic Bank of Dallas in the sum of $5,820. Defendant Humble Oil & Refining Company tendered into court $778.35, the proceeds of oil runs from the herein mentioned 10-acre leasehold estate and was discharged. Appellees were awarded this latter sum to be credited on the first men-tioned amount. Other defendants, not necessary to name, were dismissed from the suit.

In June, 1945, in cause No. 8679 on the docket of the same court in a suit wherein the same Mrs. Fred Whitney and her husband were plaintiffs and B. B. Orr was the sole defendant, a judgment was entered, grounded on findings of the jury, which decreed that the plaintiffs "have and recover of and from the defendant the title and possession of an undivided ⅟₁₆th of all of the oil, gas and other minerals in and under" the 10-acre tract of land therein described out of the J. G. Heard H. R. Survey in Wood County, "until the plaintiffs had received therefrom the full sum of $5,820. at which time the said interest shall revert to defendant B. B. Orr," and "all the interest of the said B. B. Orr in and to said ⅟₁₆th of the oil in * * * above described land is divested out of him and invested in the plaintiffs, until said plaintiffs shall have received said sum * * *" In addition to the above sum, plaintiffs were awarded $180, the value of their asserted interest in certain oil runs. Orr later paid the $180. He gave notice of but did not perfect his appeal and the judgment in No. 8679 became final.

At the time and long prior to the filing of suit No. 8679 and on the date of rendition of judgment in that cause, the bank then held and still holds a valid and unsatisfied deed of trust lien on "an undivided ²⁷⁄₆₄th leasehold estate" in the ten acre tract hereinbefore mentioned, and "the full ⅞ths leasehold estate" in three other tracts of land, each being fully described in the instrument. This instrument dated May 5, 1943, and forthwith recorded in Wood County where all the tracts are situated, was executed by B. B. Orr to the bank to secure the payment of his note to the bank of even date with the deed of trust in the sum of $80,000, payable in 60 monthly installments, the first 59 in the amount of $800 each, and the final payment for the remainder then due. Any and all renewals and extensions of above debt were included in the lien. In this same instrument as further security, B. B. Orr assigned to the bank "all of the oil" produced from

the leaseholds, together with the proceeds derived from the sale of such oil. The bank under the terms of such assignment of the oil payments was authorized to receive the proceeds and apply same "to the payment of the debts secured hereby as they mature," or "any future indebtedness." The instrument further provides that 70% of the proceeds from oil runs so received by the bank shall be applied to the indebtedness of Orr to the bank. It further provides that the remaining 30% of such monthly proceeds, so long as Orr was not in default under any of the provisions of the deed of trust, should be delivered to Orr by the bank.

This suit in cause No. 9254 was filed May 11, 1946. The bank answered on June 11, 1946, and Orr on July 1, 1946. In the period from May 5, 1943, date of deed of trust, to and including July, 1950, the bank advanced to Orr a total of $311,986 in loans. During the same period the bank received remittances from pipe line companies in payment for oil produced the sum of $372,986 and out of this last named amount the bank applied $189,905 on the principal, $24,106 on interest and released to Orr approximately $46,000 in 1945, $21,400 in 1949, and about $13,200 during the first nine months in 1950. Orr still owed the bank $122,081 after the oil runs of July, 1950, had been credited.

The judgment appealed from is predicated upon validity of the former judgment and the conversion of oil runs since the entry of the former judgment. Appellants urged in the trial court and here reassert that the bank "was an indispensable or necessary party" in the former cause; and the bank not having been made a party to that suit neither appellant was bound by that judgment. Both appellants answered in substantially the same effect that the former judgment against Orr had been obtained by means of extrinsic and intrinsic fraud allegedly perpetrated by Mrs. Orr in that she had committed perjury in the former trial with respect to her testimony as to a certain notation on a check which was material to the disposition of the issues raised in that suit. Appellants in their brief, a joint appeal and brief being filed, state "it is not contended that B. B. Orr has the right to attack the (former) judgment on this ground" of alleged fraud, but the bank did have such right because it was not a party to the suit. The award based on alleged conversion is not attacked. Whether or not the bank was a necessary or indispensable party in the former suit presents the controlling, if not the sole issue in this appeal.

In 32 Tex.Jur., p. 13, Sec. 9, quoted with approval and applied in Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 770, it is stated, "A necessary party is one who is so vitally interested in the object or subject matter of the suit that a valid judgment cannot be rendered without his presence", or conversely stated, one is not a necessary party where his presence is in no way essential to a determination of the respective rights of the plaintiff or defendant. It is our conclusion under this record that the bank was not a necessary or indispensable party in the former suit. Petroleum Producers Co. v. Reed, 135 Tex. 386, 144 S.W.2d 540, 541.

B. B. Orr owned $31/64$ths of the $7/8$ths leasehold estate in the ten acre tract at the time he executed the deed of trust to the bank. This is undisputed. He pledged to the bank under the terms of the deed of trust only $27/64$ths of above leasehold estate. The recovery of Mrs. Whitney and husband of the oil payment out of $1/16$th interest in the leasehold estate, in no wise impaired or affected the bank's lien on the $27/64$ths interest described in the deed of trust. It is to be noted that the difference between $31/64$ths and $27/64$ths is $4/64$ths or $1/16$th, the interest impressed with the oil payment in the former suit. The judgment here is predicated upon the bank's alleged conversion of oil runs of the $1/16$th interest in the manner as hereinbefore detailed since the bank was served with citation. In the instant trial the bank made no attack upon the claim of its alleged conversion of said interest as urged by appellees and do not in this appeal attack the recovery on this theory against it.

The judgment is affirmed.