N. A. ANDRETTA, Appellant,

v.

W. E. WEST and Willie B. West, Appellees.

No. 7068.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 28, 1958.

Rehearing Denied Nov. 25, 1958.

**770**

Blalock, Lohman & Kliewer, Edward Kliewer, Jr., James S. Robertson, Jr., Dallas, for appellant.

Wynne & Wynne, Gordon R. Wynne, Wills Point, for appellees.

CHADICK, Chief Justice.

This is a venue case. The judgment of the trial court sustaining a plea of privilege is affirmed.

The plaintiff in the trial court, N. A. Andretta, appellant here, has appealed from the order of the District Court of Smith County sustaining the plea of privilege of the appellees, W. E. West and Willie B. West, resulting in the transfer of this case from Smith County where it was filed, to Van Zandt County, the residence of the appellees. All proceedings prerequisite to an appeal have been timely and regular, and the appeal is properly before this Court.

Andretta, a resident of Smith County, alleged that the Superior Oil Company is a foreign corporation with a permit to do business in Texas with an agent or representative in Smith County, alleging in his original petition that the appellees and Superior are jointly and severally liable to him for a ¼ proportionate part of certain monies paid to the Wests by Superior under the terms of a lieu royalty agreement entered into by the Wests and Superior. The Wests, husband and wife, filed separate pleas of privilege to be sued in Van Zandt County, the county of their residence and domicile. Appellant duly filed controverting affidavits to the pleas of privilege asserting venue in Smith County pursuant to Subdivisions 27 and 29a, Article 1995, Vernon's Ann. Texas St. Superior timely filed its original answer.

Andretta cast his suit in the form of an action for debt arising out of a contract. His prayer is for recovery of $7,205.20, with interest and reasonable attorney's fee. The allegations of his petition state, as the basis of his cause of action, that in 1942 West conveyed an oil, gas and mineral lease to Lack, covering a 100-acre tract in Van Zandt County, which by mesne conveyances passed to the Superior Oil Company; that in 1943 the Wests conveyed to Jenkins an undivided ¼ royalty interest in oil, gas and other minerals mined or produced from the same 100-acre tract for a term of 20 years, etc., and that this interest was conveyed by Jenkins to Andretta; that in 1944 Superior secured oil production on a tract, not belonging to the Wests and not described in the lease or royalty deed or their assignments, adjoining the West tract; that in the same year Superior and the Wests entered into a contract in which Superior agreed to pay the Wests a lieu royalty equal in amount to ⅛ of the value of the production from the well on the adjoining tract in consideration of the Wests' relinquishing their right to require Superior to undertake reasonable development under the oil, gas

and mineral lease. Appellant attached to his petition and made a part of it for all purposes copies of the royalty deed and assignments which vested the royalty interest in him, the oil, gas and mineral lease and assignments which vested the leasehold estate in Superior, and the contract for lieu royalty between the Wests and Superior.

At the hearing, evidence was introduced and certain facts stipulated. The disagreement between the parties as revealed by their briefs lies in their construction of the nature of the suit, the appellant asserting that under the pleadings, proof and stipulations venue is fixed in Smith County by Subds. 27 and 29a of Article 1995, V.T.C.S.; the appellee taking the position that the suit requires an adjudication of title to land and that venue is controlled by Subd. 14. The Wests' brief ignores the appellant's contention respecting the application of Subds. 27 and 29a. Andretta's one point of error is that the trial court erred in sustaining the Wests' pleas of privilege. The point of error must be overruled because the judgment of the trial court is correct.

■ This Court will consider first the appellant's contention that the record established venue in Smith County. Subd. 27 of the venue statute provides that "foreign corporations * * * doing business within this State, may be sued * * * in any county where such company may have an agency or representative * * *." The pleadings and facts established without controversy that Superior Oil Company is a foreign corporation doing business within the State with an agency or representative in Smith County. Subd. 27 does not require proof of a cause of action against a foreign corporation. Southwestern Greyhound Lines, Inc., v. Day, Tex.Civ. App., 238 S.W.2d 258, n. w. h.; 1 McDonald Civil Practice, Sec. 4.30 at p. 399. The foregoing establishes venue as to Superior in Smith County.

■ Without applying his reasoning to the record in this case, the appellant asserts that under the pleadings, proof and stipulation the Wests are necessary parties to the suit against Superior and that as such under Subd. 29a the suit may be maintained against them in Smith County. That contention will be examined. In Ladner v. Reliance Corp., Tex., 293 S.W. 2d 758, at page 761, the Supreme Court said:

"Exception 29a is one which is never considered alone, but always in conjunction with some other subdivision of the statute. A plaintiff who relies upon this exception must therefore allege and prove: (1) the venue facts which show that the suit is maintainable where brought against at least one defendant under another subdivision of the statute, and (2) that the remaining defendants, whom he seeks to hold under Subdivision 29a, are necessary parties to the suit within the meaning of that subdivision."

And in that same opinion, beginning at the bottom of page 763, is found this statement:

"* * * It is our opinion that a plaintiff who relies on Subdivision 29a to maintain venue of a defendant in the county of suit must not only allege the facts which make such defendant a necessary party to the suit within the meaning of that subdivision, but must also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings or which are established as a matter of law by the allegations of the petition."

As the Ladner case is understood, there must be pleadings and proof of (1) a joint cause of action against Superior and the Wests in which the Wests must necessarily be joined in order for Andretta to secure the full relief to which he might be entitled in the suit against Superior; or (2)

that the Wests have an interest in the suit which could be affected by any decree completely adjudicating the rights of appellant and Superior; or (3) that no effectual decree could be rendered without joining Superior and the Wests.

Reference must be made to the pleadings and the evidence first to determine whether a joint cause of action is pled against Superior and the Wests which would entitle the appellant to a joint judgment against the two defendants. Appellant casts his petition in the form of an (a) action upon debt arising out of a contract; (b) and pleads the contracts upon which he relied to establish a recovery; and (c) prays for a joint and several judgment. If Superior is indebted to Andretta, it is because of the terms of the original mineral lease construed in connection with the lieu royalty contract. If the Wests are indebted to him it is because of their violation of the warranty of their deed conveying ¼ of the royalty construed in connection with the lieu royalty contract. It seems that the proof necessary to establish a cause of action against Superior would include substantially all that is necessary to establish a cause of action against the Wests under the appellant's theory of the case.

From the foregoing recitation of the gravamen of the action against Superior and against the Wests it is obvious that their liability to the appellant is not joint and that recovery against each is upon independent grounds, neither of which embraces the other.

Next, inquiry is directed to Subd. 2 and 3 of the rule from the Ladner case, supra, stated in a previous paragraph and unless the necessity of construing the lieu royalty contract brings the Wests within either 2 or 3, the Wests are not necessary parties. Subd. 3 may be eliminated because the relief sought is a money judgment' and it, of course, would be effectual without the Wests. Left only is the question (relating to 2 above) as to whether the Wests have an interest in the subject-matter of the suit which could be affected by any decree completely adjudicating the rights of Superior and Andretta.

It has been held that the party obligated to pay a commission under a contract is not a necessary party to a suit in which the person entitled to receive the commission is being sued for a part of the commission by a third party not privy to the commission contract. Hoover v. Hamilton, Tex.Civ.App., 14 S.W.2d 935, wr. ref.; Richards v. Smith, Tex.Civ.App., 239 S.W.2d 724, wr. ref. The Supreme Court in City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542, and in Wichita County v. Robinson, Tex., 276 S.W.2d 509, held that even though under the stare decisis doctrine certain persons might be affected in their own rights by harmful precedent, they are not necessary parties to the proceeding in which the harmful precedent might be set. In Orr v. Whitney, 241 S.W.2d 981, at page 982, wr. ref., it is said: " * * * one is not a necessary party where his presence is in no way essential to a determination of the respective rights of the plaintiff or the defendant." In view of these authorities, it does not appear that the Wests are necessary to a suit to determine the respective rights of Superior or Andretta. This view is strengthened when it is considered that the lieu royalty agreement appears to be clear and unambiguous on its face and there is neither pleading nor proof in the record that it is ambiguous and a construction of the instrument is dependent upon proof of matters outside the instrument. Under these circumstances, the Wests, though proper parties, are not indispensable and should not be deprived of the valuable right of being sued in the county of their residence when the record does not show that their presence in Andretta's suit against Superior will contribute anything to a proper determination of Andretta's and Superior's rights or that it might result in a judgment affecting them. It may be assumed that the law is constant and

any determination of the law upon the pleadings, the instruments and the evidence reflected by this record will be the same upon the same pleadings, instruments and evidence in a suit between different parties. Therefore, it cannot reasonably be said that Superior is caught up in a situation where an unconscionable result might be reached; that is, Superior be compelled to pay Andretta ¼ of the royalty under the lieu royalty contract and the Wests the entire royalty under the same contract.

▪ The trial court judgment may also be sustained for reasons not briefed but apparent from the record. The appellant incorporated the oil and gas lease from the Wests, now held by Superior, into his petition as a part thereof and for all purposes. The oil and gas lease has a provision reading as follows:

"The estate of either party hereto may be assigned in whole or in part and as to any mineral. All the covenants obligations and considerations of this lease shall extend to and be binding upon the parties hereto, their heirs, executors, administrators, successors, assigns and successive assigns. *No change* or division whatsoever and howsoever arising or effected, *in the ownership of said land, royalties,* delay rentals or other moneys shall operate to increase the obligations or diminish the rights of lessee hereunder; and *notwithstanding any other actual or constructive knowledge of or notice to lessee* thereof, *no* such *change* or division *shall be binding upon lessee unless and until thirty days after written notice thereof from both lessor and lessor's successors and assigns, in which all such parties in interest concur,* and *certified copies of recorded transfers or assignments,* in the event such division or change is accomplished in such manner, shall *have been delivered to the record owner of the lease* at its principal place

of business. * * *" (Emphasis added.)

It is thought that compliance with the above-quoted provision of the lease is a condition precedent to Superior's liability to Andretta for royalties under the oil lease. In Houston Land & Trust Co. v. Shelton, Tex.Civ.App., 69 S.W.2d 796, at page 801 wr. dis., it is said:

"* * * If a right as it usually exists is one dependent upon a condition, or—what is the same thing—is unconditional only when exceptional circumstances exist, in either case plaintiff, seeking to enforce such right, must, in order to state a right of action, either allege the facts to show the exceptional circumstances or the existence of the condition upon which the right depends."

See also Automobile Ins. Co. v. Bridges, Tex.Civ.App., 5 S.W.2d 244, n. w. h.; Hutchins v. Wade, 20 Tex. 7; Northern Texas Utilities Co. v. Community Nat. Gas Co., Tex.Civ.App., 297 S.W. 904; subsequent appeal, Tex.Civ.App., 13 S.W.2d 184; Sweetwater Progressive Mut. Life & Acc. Ass'n v. Allison, Tex.Civ.App., 22 S. W.2d 1107. Rule 54, Vernon's Ann.Texas Rules, does not change the rule, it merely provides that pleadings will be sufficient if they aver generally that all conditions precedent have been performed or have occurred. See Southwestern Associated Telephone Co. v. City of Dalhart, Tex. Civ.App., 254 S.W.2d 819, wr. ref., n. r. e.

▪ That the quoted provision is a true condition precedent as between Andretta and Superior seems clear. The American Law Institute Tentative Restatement of the Law, Contracts, No. 6, Sec. 246, p. 9, defines a condition precedent as "a fact which must exist before a duty of immediate performance of a promise arises." Usually where the consideration for the contract is executed or an estate or interest passed or vested immediately upon the making of the contract

subject to be defeated by matter ex post facto, a condition precedent does not exist. Here, however, by provision of the oil lease to which Andretta was privy there is an express stipulation and agreement that between Andretta and Superior no title binding upon Superior will pass or vest by reason of the royalty deed until Superior is given notice in the manner the lease requires. Andretta's pleadings incorporating this provision of the contract causes the pleading to show upon its face the requirement of notice but wholly fails to allege that such notice has been given or that the giving of the required notice has in any wise been excused. The principle of non-liability of the owner of the leasehold estate under the mineral lease in the absence of contractual notice is well established by such authority as Shell Petroleum Corp. v. Royal Petroleum Corp., 135 Tex. 12, 139 S.W.2d 753; Tide Water Associated Oil Co. v. Hammer, Tex.Civ. App., 163 S.W.2d 232, wr. ref., and see Jackson v. United Producers Pipe Line Co., Tex.Civ.App., 33 S.W. 540, wr. ref.; 31–A, Tex.Jur. 473, Sec. 263.

■ Undoubtedly Subd. 27 of the venue statute requires Andretta to allege a cause of action. Aside from any authority, it is patent logic that a cause of action under Subd. 27 must be stated in order to determine whether under Subd. 29a other parties to the suit are necessary, proper or misjoined. No one would argue that a party could be necessary to a suit in which no relief may be had.

The conclusion reached has the effect of sustaining the appellees' counter-point and discussion thereof is not required. Appellant's point of error is respectfully overruled.

The judgment of the trial court is affirmed.

FANNING, J., concurs.

DAVIS, J., dissents.

DAVIS, Justice.

I dissent. This was originally written as the opinion of the Court and is filed herein, with minor changes and additions, as my dissent.

This is an appeal from an order of the District Court of Smith County, Texas, sustaining the pleas of privilege separately filed by W. E. West and wife, Willie B. West, wherein they were joined as defendants by plaintiff-appellant, N. A. Andretta, in a suit against West and wife and the Superior Oil Company, a California corporation, hereinafter referred to as "Superior."

On March 22, 1943, W. E. West, by royalty deed conveyed to S. H. Jenkins, an undivided ¼ royalty interest in all oil, gas and other minerals mined or produced from a 100-acre tract of land, more or less, situated in Van Zandt County, Texas, for a term of 20 years from date of said royalty deed and so long thereafter as oil, gas or other minerals are produced or mined from said land. On March 25, 1943, Jenkins conveyed the identical royalty interest to appellant. Prior to the execution of the above royalty deeds West and wife executed an oil, gas and mineral lease covering the same tract of land to George J. Lack, which lease was subsequently assigned to Superior. Superior, during the life of the lease and prior to August 21, 1944, drilled a well on a tract of land adjoining the West 100-acre tract and secured production thereon. On August 31, 1944, West and wife entered into a contract and agreement with Superior wherein Superior contracted to pay to West and wife a lieu royalty in cash equivalent to ⅛ of the proceeds from the sale of oil produced and sold from the well on the adjoining tract. This contract was entered into for the purpose of preventing Superior from having to offset the well on the adjoining tract to that of West and apparently to save the expense of drilling such well.

Appellant filed his suit alleging the above facts and further alleging that Superior had paid West in excess of $28,000 under the lieu royalty contract and that he was entitled to judgment against the defendants for ¼ of the sum so paid. West and wife filed their separate pleas of privilege in statutory form, without any specific allegations of defense, and relied upon Subdivision 14 of Article 1995, V.A.T.C.S., in support of their contention upon the trial and rely on the same in this Court.

The pleas of privilege were controverted and appellant relied upon Subds. 27 and 29a of Article 1995, V.A.T.C.S., to maintain venue in Smith County. Upon a hearing of the pleas of privilege, the execution of the royalty deeds, lease and lieu royalty contract were stipulated and certified copies of the royalty deeds, lease and lieu royalty contract were offered in evidence without objection. It was further stipulated that more than $4,000 had been paid by Superior to West and wife under the terms of the lieu royalty contract. It was further stipulated and is admitted that the land described in the royalty deeds was situated in Van Zandt County. Andretta has appealed and brings forward one point of error complaining of the action of the trial court in sustaining the pleas of privilege on the ground that Subds. 27 and 29a, supra, are applicable, and challenges the contention of appellees that Subd. 14, supra, is applicable.

First, it becomes unnecessary to determine whether or not Subd. 14, supra, is applicable in this case. The Subd. reads as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Appellees state in their brief the following:

"In order to avoid the mandatory requirement of Subdivision 14 of the venue statute 'that suits involving the title to land or *based upon the title to land* must be brought in the county where the land is located.'"

If it was the intention of appellees to be quoting from the statute, they inadvertently included the phrase "or based upon the title to land." That phrase is not contained in the statute.

In the case of Lake v. Reid, Tex.Civ. App., 252 S.W.2d 978, 981, no writ history, the court had occasion to discuss Subd. 14 at length. This was a suit by and between co-tenants and some of the other co-tenants' lessees involving a surface lease on a 2-acre tract of land situated in Rusk County. Some of the defendants filed pleas of privilege to be sued in Smith County and one or more defendants resided in Rusk County where the land was situated. In passing upon the application of Subd. 14 and the rule applicable in determining the nature of the suit, the court said:

"We will consider first whether plaintiffs below may maintain venue in Rusk County under Subd. 14 of Art. 1995, R.S. of Texas, providing that suit must be brought in the county where the land or a part thereof may lie, if such suit is (1) for the recovery of lands, or (2) damages thereto, or (3) to remove incumbrances upon the title to land, or (4) to quiet title to land, or (5) to prevent or stay waste on lands. To maintain venue in the county of suit under Exception 14 as against a plea of privilege, the plaintiffs must show that the nature of the suit concerns land in one or more of the five particulars set out above, and that the land or a part thereof is in the county. It is not necessary, as in some other exceptions to exclusive venue, to show by proof that a cause of action in fact exists. 43 Tex.Jur. p. 819, Sec. 90;

Id. p. 852, Sec. 119; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; Pickens v. Harrison, Tex.Civ. App., 231 S.W.2d 812; Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688; First Nat. Bank v. Guyer, Tex.Civ. App., 40 S.W.2d 212; Dees v. McDonald, Tex.Civ.App., 36 S.W.2d 301; Smith v. Abernathy, Tex.Civ.App., 6 S.W.2d 147 (C.C.A.). The court in such case may decline consideration of any question of liability by way of proof. Pickens v. Harrison, supra.

*"The nature of the suit must be determined solely from the petition, and is a question of law.* Klein v. Sibley, supra [Tex.Civ.App., 203 S.W. 2d 239]; Smith v. Abernathy, supra; First Nat. Bank v. Guyer, supra; Dees v. McDonald, supra; 43 Tex.Jur., p. 862, Sec. 119. In this case the proof showed by stipulation that the land is in Rusk County. It remains to determine from the petition the nature of the suit." (Emphasis added.)

Upon a careful examination of appellant's petition and the prayer thereto, Subd. 14 is not applicable for the following reasons: (1) It is a suit to determine whether or not appellant is entitled to an undivided ¼ of the lieu royalty set out in the contract by and between Superior and appellees; (2) appellant's title to the property is not questioned; therefore it is not a suit for the recovery of land, or damages thereto, or to remove encumbrances upon the title to the land, or to quiet title to the land, or to prevent to stay waste on land.

The prayer to appellant's petition reads as follows:

"Wherefore Plaintiff prays that the Defendants be cited to appear herein and that after trial Plaintiff have and recover (the) sum of Seven Thousand Two Hundred Five Dollars and Twenty Cents ($7,205.20), together with interest thereon at the rate of six per cent. (6%) from the respective dates upon which such payments of lieu royalty should have been made to Plaintiff, together with Plaintiff's reasonable attorney's fees, court costs and such other and further relief to which Plaintiff may be justly entitled."

From the allegations in the petition and the prayer it is definitely clear and certain that the suit is one to determine the rights of the parties under the Superior and West contract.

I find in the transcript some special exceptions and answer filed by appellees, subject to their respective pleas of privilege, in which I think the appellees admit that this is a suit upon the contract between Superior and West. Special Exception No. 1 reads as follows:

"These defendants except to plaintiff's original petition because the same is insufficient in law in that *it is an attempt upon the part of the plaintiff to take advantage or to reap the benefits of the terms of an agreement and contract made between the Superior Oil Company and these defendants which was not made for the benefit of the plaintiff,* and there are no allegations within said petition to apprise these defendants under what theory he should claim the benefits of a private contract, and of this exception defendants pray judgment." (Emphasis added.)

Then, in the transcript I also find the special exceptions and answer of Superior in which the following admission is made:

*"Plaintiff sues for a portion of the monies paid by this defendant to its co-defendant W. E. West and wife under the terms of said agreement * * *."* (Emphasis added.)

The agreement referred to is the contract between Superior and the Wests to pay the lieu royalty.

Next, I come to the question whether or not Subds. 27 and 29a, supra, are ap-

plicable. It is undenied that Superior is a foreign corporation. The evidence is abundantly sufficient to show that Superior had an agency or representative in Smith County at the time of the filing of the suit. Superior was not a resident of Smith County at the time and I would hold that suit could be maintained against Superior in Smith County under Subd. 27, supra. The suit being maintainable to fix venue in Smith County where no defendant resides or is domiciled under Subd. 27, supra, then Subd. 29a, supra, is applicable. In the case of Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900, 901, the court said:

"Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, *but which can be maintained there against one defendant under some other exception of that article*. Pioneer Bldg. & Loan Ass'n v. Gray, supra [132 Tex. 509, 125 S.W. 2d 284]; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347." (Emphasis added.)

In the case of Ladner v. Reliance Corp., Tex. 293 S.W.2d 758, at page 764 (cited by the majority), the Supreme Court went further than indicated by the majority in defining "necessary parties" and said:

" * * * Where the plaintiff, if he recovers, *will be entitled to a joint judgment against two defendants* and the suit is maintainable where brought as to one of the defendants under another subdivision of Art. 1995, *the other defendant is a necessary party within the meaning of Subdivision 29a.*" Citing Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, and Ramey & Mathis v. Pitts, 149 Tex. 214, 230 S.W.2d 211. (Emphasis added.)

Under the pleadings in the case and this holding of the Supreme Court, West and wife are necessary parties to this suit, Further, if appellant recovers ¼ of the ⅛ royalty provided for in the lieu royalty contract, for which he sues, I am unable to understand why West and wife are not necessary and indispensable parties to this suit, because it would affect their interest in the contract. 32 Tex.Jur. 13, Sec. 9. Failure to join them would be fatal. 32 Tex.Jur. 128, Sec. 88.

With reference to the notice required in the lease, they are matters of proof and affirmative defense. It is not necessary that such matters be pleaded by appellant. If such notices were not given, appellees and Superior may have to plead and prove such facts or waive them. Besides, these are matters that go to the merits of the case and should not be considered on a question of venue.

I would reverse and render the judgment of the trial court.