**W. E. KINNEAR and L. P. Kinnear,**
**Appellants,**

v.

**SCURLOCK OIL COMPANY, et al.,**
**Appellees.**

**No. 6296.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 11, 1960.

Rehearing Denied March 30, 1960.

W. E. Kinnear, Beaumont, for appellants.

Strong, Moore, Pipkin, Strong & Nelson, Beaumont, for appellees.

McNEILL, Justice.

This is an appeal from an order of the district court of Jefferson County sustaining numerous special exceptions to the pleadings of appellants, W. E. Kinnear and L. P. Kinnear, who sought to assert a cause or causes of action against appellees, Scurlock Oil Company, a Texas Corporation, E. C. Scurlock, Howard E. Ames, J. S. Blanton, J. S. Blanton, Trustee, and Johnny Mitchell, Trustee. The suit was originally instituted by W. F. Weed, et al. v. Scurlock Oil Company, et al., and was consolidated with a suit styled Bertha Quinn, et al. v. Scurlock Oil Company, et al. Although the record is somewhat meager, the consolidated action appeared to have involved the rights of the plaintiffs in these suits as lessors on the one side and the rights of the defendants as lessees on the other in connection with certain oil and gas leases on four small tracts of land in the Amelia oil field in said county. Among the pleadings of the parties was a cross-action by appellants against appellees which asserted that appellants had during the year 1953 obtained an oil and gas lease from W. F. Weed, et al. on two tracts, one 4.26 acres and the other 5.51 acres, a lease from Bertha Quinn, et al. on a 2.5 acre tract and one from the Gulf Oil Corporation on a 1.219 acre tract; that shortly before the expiration of one or more of these leases appellants assigned them to J. S. Blanton, Trustee; it asserted that this assignment reserved an overriding royalty and contained a provision requiring appellees to comply with all the provisions of the leases as well as the assignment; that these leases were in turn assigned by J. S. Blanton, Trustee, to the other appellees herein. Appellants' cross-action then alleged:

"That Scurlock has failed to comply with any or all or some of the terms, provisions, assurances, conditions, obligations or reservations contained in said leases and said assignment; that Scurlock has caused some or all of said leases or parts of said leases to lapse, terminate or impaired; that Scur-

lock has caused some or all or parts of the valuable rights, pooling rights, royalty rights in minerals and mineral rights to lapse, terminate or become impaired in and to said leases and/or oil, gas and other minerals produced therefrom on some or all of said leases by failing to comply with some or all of the terms, provisions, assurances, conditions, obligations or reservations contained in said leases or parts of said leases and of said assignment and by reason of Scurlock to so comply therewith Scurlock has breached said leases and said assignment and by reason thereof Kinnear is entitled to recover therefor against Scurlock, as follows:" Then certain rights allegedly flowing from such breaches were set out and described in said cross-action, and the general prayer of the cross-action was that appellants recover all right and title to said leases and value of minerals taken from the land by appellees; that since appellees had failed to drill an offset well on the premises that they recover $480,000 and for other incidental remedies, including attorneys' fees in the sum of $20,000.

Numerous special exceptions, including many assailing as mere conclusions various allegations made, were duly leveled at this cross-action, but they were initially overruled and all parties proceeded to trial in the consolidated action. Some four days of testimony was heard during which time the lease from W. F. Weed, et al., the assignment from appellants to J. S. Blanton, Trustee, and designation of unit for production of oil executed by appellants in connection with said leases, were introduced in evidence. After such four days of trial, all of the parties announced to the court that they had settled their controversies with each other, except as between appellants and appellees. The court approved the settlement between the parties thereto, and at the request of appellees, again heard their special exceptions to appellants' cross-action and sustained them all. Appellants asked and were granted leave to amend and they filed their first

trial amendment to their cross-action on June 24, 1958, and their second trial amendment on June 27, 1958. The only serious attempts by appellants to plead more than conclusions are found in the trial amendments, and mainly the second one. Paragraph one of this trial amendment alleged specifically that because appellees failed to file for record in the appropriate records of Jefferson County a valid designation of unit of the lands "required" to be pooled by paragraph 4 of the said Weed lease, referred to and made a part of appellants' pleading, before the commencement of operations by appellees on March 2, 1954 for the drilling of the well known as J. S. Blanton Weed Unit Well No. 1 on the 4.26 acre tract, appellees breached such paragraph of the Weed lease and the assignment and failure to file such designation caused the loss of the Quinn and Gulf Oil Corporation leases, to appellants' damage in the sum of $200,000. Par. 2 of this trial amendment charged failure on the part of appellees to drill an offset well or wells in the immediate area to those drilled by Humble Oil & Refining Company, as provided and required in said leases, and as a reasonably prudent operator would have done, that such a well could have been drilled and operated at a profit and failure to do so has resulted in appellants' further damage in the loss of 78,000 barrels of oil valued at $3.40 a barrel.

Upon the coming in of these trial amendments appellees filed an additional answer adopting their previous exceptions and including numerous other special exceptions. These exceptions were presented to appellants' pleadings as amended and the trial court sustained all of them. Appellants then refusing to amend further, their cross-action against appellees was dismissed as part of the final judgment approving the settlement between all other parties.

Appellants are here upon one point which is:

"The Trial Court erred in sustaining all of the Special Exceptions of Defendants directed to Plaintiff's Cross-Action, although all of said Special Exceptions were presented in mass and considered by the Trial Court in mass, and without argument, and, there was only one Special Exception or paragraph actually presented and argued by Defendants, that being paragraph 6(a) of Defendant's 'Answer' filed June 11, 1958 to 'Cross-Action' of Defendants, W. E. Kinnear and L. P. Kinnear herein referred to as Plaintiff's First Amended Cross-Action, filed 11/6/57 which Special Exception in paragraph 6(a) with heading for all sub-paragraphs thereunder is as follows:

" 'These defendants specially except to the entire Paragraph III of said cross-action for the following reasons:

" '(a) The same wholly fails to allege any facts imposing any duty upon these defendants that is owed to the said Kinnears; * * *.' "

█ They then state that their attention will be addressed entirely to the quoted special exception and their brief was so constructed and concluded. Since the judgment of the trial court recites that all exceptions were presented and were sustained we must disregard the statement in the point insofar as it conflicts therewith. Appellees object to our consideration of this point as too general. Although the point is, perhaps, subject to this objection, we will not base our decision thereon. We think the trial court's action in dismissing appellants' cross-action was proper for the reasons now to be set forth.

Among the exceptions was one which pointed out that the Weed lease, referred to and made a part of appellants' cross-action, did not require that a pooling unit be established, as pleaded in Par. 1 of the second trial amendment. The pooling provision which is Par. 4 of the Weed lease provides:

"Lessee, at its option, is hereby given the right and power to pool or combine the whole of either or both of said tracts covered by this lease, as to oil and gas, or either of them, with other land, lease or leases in the immediate vicinity thereof to the extent, hereinafter stipulated, when in Lessee's judgment it is necessary or advisible to do so in order properly to develop and operate said leased premises in compliance with the spacing rules of the Railroad Commission of Texas, or other local authority, or when to do so would, in the judgment of the Lessee, promote the conservation of oil and gas from said premises. Units pooled for oil hereunder shall not substantially exceed Ten (10) acres each in area, * * *."

█ It is at once apparent that the above paragraph does not require pooling but leaves it to the option of the lessee, and appellees' first exception mentioned was correctly sustained. Though the assignment from appellants to J. S. Blanton, Trustee, required him to comply with all the terms, provisions, conditions, obligations and assurances in said leases, we cannot agree that a clause in one of the leases providing that a certain thing be done "at the option" of the lessee thereby became a fixed obligation.

█ Special exceptions to the effect that appellants have failed to allege the imposition of any duty owing by appellees to appellants under the leases were urged as well as exceptions pointing out failure to plead the facts rather than conclusions. Par. 8 of the Weed lease contains the following provision:

"In the event Lessor considers that operations are not at any time being conducted in compliance with this lease, Lessor shall notify Lessee in writing of the facts relied upon as constituting a breach hereof, and Lessee, if in default, shall have sixty (60) days after receipt of such notice in which

to commence the compliance with the obligations imposed by virtue of this instrument." This is a provision giving the lessee and his successors in interest a warning period of 60 days to correct any condition that lessor asserts is a breach. Although appellants' own allegations bring forth this provision, they have failed to allege compliance therewith. We think, therefore, that the additional exceptions were properly sustained. Andretta v. West, Tex.Civ.App., 318 S.W.2d 768; Burnett v. R. Lacy, Inc., Tex.Civ.App., 293 S.W.2d 674(3); Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W. 2d 819(8); Magnolia Pet. Co. v. Page, Tex.Civ.App., 141 S.W.2d 691 (W.R.).

While there were other exceptions which may have been correctly sustained, the above demonstrates the vulnerability of appellants' pleadings. Further comment would serve no pertinent purpose, and the judgment below is affirmed.